ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| IVETTE NEDINIA CORTÉS IRIZARRY Y OTROS<br><br>Apelados<br><br>v.<br><br>METRO HATO REY INC. Y OTROS<br><br>Apelados | KLAN202300006 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: SJ2021CV06586<br><br>Sobre: IMPERICIA MÉDICA |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Este Recurso se atiende como Certiorari, por recurrirse contra una Orden o Resolución y fue presentado por Luis Rosado Ríos, el 4 de enero de 2023. En adelante nos podríamos referir al Sr. Rosado Ríos también como peticionario o recurrente.

Una de las partes apeladas ha presentado su oposición al recurso. Se trata de la parte demandante ante el Tribunal de Primera Instancia, Sala de San Juan (en adelante TPI) y aquí recurrida, Sra. Ivette Nedinia Cortés Irizarry.

Mediante escrito titulado Moción Comentando Oposición a la Apelación, la parte peticionaria ha presentado un escrito no contemplado por las Reglas de este Tribunal y se ordena el desglose de este.

El recurso está perfeccionado y procedemos con su adjudicación.

Por las razones que exponemos, denegamos el auto de *certiorari*.

Número Identificador
RES2023_____

**I.**

La demanda se presentó ante el TPI el 8 de octubre de 2021 a las 7.37.33 de la mañana.[1] En esta se incluyeron como partes demandadas a Metro Hato Rey, Inc., T/C/C Hospital Pavía Hato Rey; Dr. Ángel L. Narváez Morell, por si y en representación de la sociedad de gananciales compuesta con Jane Narváez y Jane Narváez por sí y en representación de la sociedad; Dr. Héctor M. Cott Dorta, por sí y en representación de la sociedad de gananciales compuesta con Jane Cott y Jane Cott por sí y en Representación de la Sociedad; Dra. Marjorie Acosta Guillot, por sí y en representación de la sociedad de gananciales compuesta con Juan Acosta y Juan Acosta por sí y en representación de la Sociedad; Long Life Home, Inc., Aseguradoras A, B, C, D.[2]

El Agente Residente de Long Life Home, Inc., según surge del Departamento de Estado, fue identificado como Luis Rosado y a este se le diligenció el emplazamiento de dicha corporación.

Long Life Home, Inc. compareció al proceso mediante representación legal, a través de los abogados José R. Olmo Rodríguez y Julio A. González Nieves. Estos, en representación de dicha corporación contestaron la demanda y prepararon su parte correspondiente en el Informe Sobre el Manejo del Caso. Luego, el 24 de agosto de 2022, ambos abogados presentaron al TPI, Moción Sobre Renuncia de Representación Legal, para que se les relevara de su representación de Long Life Home, Inc.

Ante dicha renuncia de representación, el TPI concedió la misma el 24 de agosto de 2022 y ordenó a Long Life Home, Inc. anunciar nueva representación en 20 días, so pena de anotarle la

---

[1] Ver Apéndice 10, a la pág. 17 del Recurso.
[2] Ver Apéndice 10, a la pág. 17 del Recurso.

Rebeldía.[3] Al no comparecer nueva representación para esa co-demandada Long Life Home, Inc., el TPI le anotó la Rebeldía el 5 de octubre de 2022.[4]

Con fecha del 20 de octubre de 2022, mediante escrito titulado "Moción Se Deje Sin Efecto Rebeldía y Extensión de Tiempo para Contratar Nuevo Abogado"[5], se solicitó al TPI por Long Life Home, Inc., término adicional para contratar abogado, para lo que se solicitó 30 días.   Con la anuencia de la parte demandante, el Tribunal de Instancia, con fecha de 24 de octubre de 2022, dejó sin efecto la anotación de rebeldía de Long Life Home, Inc., y le concedió 20 días para anunciar su nueva representación legal.[6]

Long Life Home, Inc., no cumplió con lo ordenado, sin embargo, el Sr. Luis Rosado, en su carácter personal presentó "Moción de Desestimación", con fecha de 16 de noviembre de 2022.[7]   La misma fue contestada y replicada por la parte demandante mediante escrito titulado "Escrito en Contestación a Moción de Desestimación".[8]  El TPI, con fecha de 18 de noviembre de 2022, emitió Resolución y Orden que lee como sigue[9]:

> **"No Ha Lugar a la Moción de Desestimación. La parte aquí codemandada, Long Life Home, Inc., es una corporación.  Por tanto, ésta tiene que ser representada por abogado/a.  El Tribunal accedió a conceder un término a dicha parte para comparecer con abogado, a solicitud del señor Luis Rosado.  Sin embargo, ello no lo convierte en representante legal de la corporación.  De no comparecer con abogado la corporación Long Life Home, Inc., se reinstalará la anotación de rebeldía.  10 días finales".  (Énfasis suplido)**

---

[3] Ver Apéndice 2 a la página 2 del Apéndice al escrito de la única recurrida que compareció.
[4] Ver Apéndice 3 a la página 3 del escrito de la parte recurrida.
[5] Ver Apéndice 4, página 4-5 del escrito de la parte recurrida.
[6] Ver Apéndice 5 a la página 6 del escrito de la parte recurrida.
[7] Ver Apéndice 5 a la página 8 del escrito de la parte recurrida.
[8] Ver Apéndice 6, página 7-8 del escrito de la parte recurrida.
[9] Ver Apéndice 7 a la página 9 del escrito de la parte recurrida.

Long Life Home, Inc., no cumplió con dicha orden. Ante su continuo incumplimiento, el Tribunal reinstaló la anotación de rebeldía a dicha parte, que, dicho sea de paso, no ha comparecido a este Tribunal nunca.

El pasado 3 de enero de 2023, el Sr. Luis Rosado Ríos, por su propio derecho, sin que el fuera en su carácter personal parte del caso ante el TPI, presenta esta denominada por él, Apelación, que ya hemos determinado que se atenderá como Certiorari, contra una Minuta Orden del TPI que reiteraba que estaba en Rebeldía la entidad Long Life Home, Inc. que aparentemente es presidida por el Sr. Rosado Ríos y dictó otras órdenes para la continuación de trámites pendientes en el caso.

En dicha denominada Apelación se realiza el siguiente señalamiento de errores:

1. Cometió grave error el Tribunal a quo al asumir una jurisdicción que nunca tuvo sobre el caso.

2. Cometió Error al Calendarizar el caso.

3. Cometió error al ignorarme (SIC) como parte emplazada, dos veces, y eludir mi derecho fundamental al debido proceso de ley y auto representarme. Un Emplazador me llama propietario (el estatal) y el federal me llama "in behalf of".

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR

307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005).

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece la autoridad limitada de este Tribunal para revisar las órdenes y las resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Esta dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de Certiorari. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal cuando se demuestre que "hubo un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". Zorniak Air Services v. Cessna Aircraft Co., 132 DPR 170, 181 (1992); Rivera Durán v. Banco Popular, 152 DPR 140, 154 (2000); Dávila Nieves v. Meléndez Marín, 187 DPR 750, 771 (2013).

**B.**

La figura de la corporación nace con el motivo de facilitar y promover las actividades comerciales. Exposición de Motivos de la Ley General de Corporaciones, Ley Núm. 164-2009 (Ley de Corporaciones). Miramar Marine et al. v. Citi Walk et al., 198 DPR 684 (2017). Como es sabido, una de las características medulares de las corporaciones es que las mismas poseen personalidad jurídica propia, separada y distinta a la de sus incorporadores y accionistas. Acevedo et al. v. Igl. Católica et al, 200 DPR 458 (2018).[10]

A la luz de lo anterior, nuestro ordenamiento jurídico ha establecido que **las corporaciones no pueden comparecer por derecho propio ante los tribunales de justicia** o agencias con facultades cuasi-judiciales. Por tanto, en las ocasiones en que se requiera la comparecencia de una corporación ante dichos foros, deberá estar representada por un abogado admitido a la práctica

---

[10] Citando a C.E. Díaz Olivo, Corporaciones: Tratado sobre Derecho Corporativo, Colombia, [s. Ed], 2016, págs. 2 y 45; M. Muñoz Rivera, Ley de Corporaciones de Puerto Rico: Análisis y Comentarios, 1ra ed., San Juan, Ed. Situm, 2015, pág. 7.

de la abogacía por el Tribunal Supremo de Puerto Rico. Las personas naturales son las únicas autorizadas para ejercer la profesión de la abogacía. A modo de excepción, se permite que una persona natural represente ante los tribunales sus asuntos propios. Sin embargo, ello no aplica a las personas jurídicas como lo son las corporaciones. UTIER v. AFF, 137 DPR 818 (1995).

Por lo anterior, **es nula cualquier actuación o dictamen producto de un proceso en el que una corporación haya comparecido ante un tribunal u organismo con facultades adjudicativas <u>sin estar representada por un abogado o abogada</u>**. B. Muñoz, Inc. v. Prod. Puertorriqueña, 109 DPR 825 (1980). (Énfasis suplido).

Por su parte la Ley 17-1939, 4 LPRA sec. 740, dispone lo siguiente sobre la penalidad de la práctica ilegal de la abogacía:

> **Ninguna persona que no sea abogado autorizado por el Tribunal Supremo de Puerto Rico podrá dedicarse al ejercicio de la profesión de abogado**, ni anunciarse como tal, ni como agente judicial, **ni gestionar**, **con excepción de sus asuntos propios**, **ningún asunto judicial o cuasi judicial ante cualquier tribunal judicial**; Disponiéndose, que la infracción de cualquiera de las disposiciones contenidas en esta sección, se considerará y castigará como un delito menos grave; Disponiéndose, además, que se considerará como malpractice y como causa suficiente para desaforo el hecho de cualquier abogado autorizar con su firma escrituras, alegaciones y documentos en que dicho abogado no sea bona fide el verdadero abogado o notario del asunto o sustituto de dicho abogado o notario; y, disponiéndose, también, que los fiscales tendrán el deber de investigar las infracciones de esta sección, y en caso de que encontraren justa causa, podrán solicitar del Tribunal Supremo el desaforo temporal o permanente de cualquier abogado o notario que hubiere infringido las anteriores disposiciones. (Énfasis suplido.)

### III.

Este recurso fue presentado por el señor Rosado Ríos, autodenominándose parte apelante pues reclama comparecer por derecho propio, pero la realidad es que no es parte del caso ante

el TPI. Ya hemos indicado que el vehículo apropiado para recurrir ante esta curia, contra una Orden o Resolución, contra la cual aparentemente el señor Rosado Ríos recurre es el Certiorari.

La parte en este caso ante el TPI lo es la corporación, Long Life Home, Inc. que aparentemente es propiedad del señor Rosado Ríos. El señor Rosado Ríos no es un abogado autorizado por nuestro Tribunal Supremo para ejercer la práctica legal. Como se colige de la exposición de derecho, aunque el señor Rosado Ríos, autodenominándose parte apelante reclama que se le han violentado derechos a la corporación Long Life Home, Inc., fue a esta que se le diligenció el emplazamiento y es sobre esta que tiene jurisdicción el TPI y dicha corporación, tiene que estar representada por abogado para poder defenderse de los reclamos en su contra en el caso ante el TPI.

De manera que, luego de analizar los argumentos esbozados en el recurso, junto a los documentos incluidos en el expediente, declinamos intervenir con la determinación del TPI. El peticionario, por su parte, no nos demostró que el foro de instancia incurriese en prejuicio, parcialidad, abuso de discreción o error, al denegar la petición de desestimación y mantener la Rebeldía de Long Life Home, Inc., la que permanece sin abogado que la represente.  Tampoco vemos cumplido alguno de los criterios de la Regla 40 de nuestro Reglamento, *supra,* que nos mueva a intervenir con la determinación del TPI.

En suma, analizado el recurso a la luz de la Regla 40, *supra* y la Regla 52.1 de Procedimiento Civil, *supra*, no detectamos motivo alguno para expedir el auto solicitado o para intervenir con el ejercicio de la discreción que ejerciera el TPI.

## IV.

Por los fundamentos antes expresados, procede denegar el recurso interpuesto.

Lo acuerda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones