Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| TECHNICAL POWER SERVICE<br><br>Recurrente<br><br>v.<br><br>ADMINISTRACIÓN DE SERVICIOS GENERALES<br><br>Recurrida<br><br>COMPUTER NETWORK SYSTEMS CORP.<br><br>Licitador Agraciado | KLRA202500189 | Revisión procedente de la Administración de Servicios Generales<br><br>Subasta núm.: 25J-03113-R1<br><br>Sobre: Impugnación de adjudicación de subasta |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Una corporación impugna la adjudicación de una subasta. Al no haberse acreditado que tengamos jurisdicción, pues del récord surge que el recurso es tardío, y al haber comparecido por derecho propio sin que ello le sea permisible a una corporación, procede la desestimación del recurso.

I.

El **5 de febrero** de 2025, la Junta de Subastas de la Administración de Servicios Generales de Puerto Rico (la "Junta") notificó la adjudicación de una subasta "para la adquisición de baterías de respaldo para la resiliencia de equipos de voz para el Negociado de la Policía de Puerto Rico" (la "Subasta").

En lo pertinente, la Junta determinó que la oferta de Technical Power Services, Inc. (la "Corporación" o la "Recurrente"), no cumplía con las especificaciones de la Subasta. Ello porque se requería que el equipo propuesto tuviese "output: 1800W/2200VA", pero el equipo ofrecido por la Recurrente era de 1800W/2000VA. La Junta

Número Identificador
SEN2025_____

razonó que se trataba de un requisito razonable porque, "de las propias ofertas[,] se desprende que existen varias marcas con baterías que cumplen con este requisito". La Junta subrayó que es la agencia quien "dispone[] sus necesidades y las especificaciones, y los licitadores no pueden, de forma unilateral, variar las mismas", simplemente porque entiendan que "no son correctas" o necesarias.

El **10 de febrero**, la Recurrente solicitó la revisión de la decisión de la Junta (la "Determinación"), ello ante la Junta Revisora de Subastas de la Administración de Servicios Generales (la "Junta Revisora").

Según surge del recurso y sus anejos, la Junta Revisora no consideró la revisión solicitada por la Recurrente. Por ejemplo, surge de una comunicación electrónica suscrita por la Recurrente, dirigida a la Junta Revisora, que el 24 de febrero, por la vía telefónica y a raíz de una indagación al respecto por la Recurrente, la Junta Revisora le indicó a la Corporación que, al no haber emitido una respuesta "dentro de los 10 días", la Recurrente tenía que considerar que la solicitud de revisión había sido rechazada.

El **28 de marzo**, la Corporación, a través de su vice-presidente (Sr. Javier O. Santiago), presentó el recurso que nos ocupa. Arguye que la "diferencia en *apparent power* (VA) no afecta la capacidad del equipo para suministrar la energía real necesaria (watts) para el proyecto, que es lo verdaderamente esencial". Plantea que la "interpretación incorrecta de conceptos técnicos" por la Junta "ha llevado a una decisión injusta". Disponemos.

II.

Las subastas son procedimientos que lleva a cabo una entidad para que se presenten ofertas para la realización de obras o adquisición de bienes y servicios. *Perfect Cleaning v. Cardiovascular*, 172 DPR 139, 143 (2007). Una instrumentalidad pública utiliza el mecanismo de las subastas para llevar a cabo sus funciones como

comprador de una forma eficiente, honesta y correcta. Así se logran proteger los intereses y el dinero del pueblo a la vez que se asegura la buena administración pública. *Aluma Const. v. A.A.A.,* 182 DPR 776, 782-783 (2011).

Las exigencias del debido proceso de ley, en su vertiente procesal, deben cumplirse según los siguientes requisitos: (1) notificación adecuada del proceso; (2) adjudicador imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord. *Rivera Rodríguez & Co. v. Lee Stowell,* 133 DPR 881, 889 (1993). El debido proceso de ley garantiza el derecho a una notificación adecuada y la oportunidad de ser escuchado y de defenderse. *U. Ind. Emp. A.E.P. v. A.E.P.,* 146 DPR 611, 616 (1998); *Rivera Rodríguez & Co., supra*; *Bco. Popular v. Andino Solís,* 192 DPR 172, 183-184 (2015).

Una notificación adecuada ofrece a las partes interesadas "la oportunidad de advenir en conocimiento real de la decisión tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios disponibles por ley". *Picorelli López v. Dpto. de Hacienda,* 179 DPR 720, n737 (2010); *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019); *Torres Prods. v. Junta Mun. Aguadilla,* 169 DPR 886, 895 (2007); *Pta. Arenas Concrete, Inc. v. J. Subastas,* 153 DPR 733, 743-744 (2001); véase, además, *Asoc. Vec. Altamesa Este v. Municipio de San Juan,* 140 DPR 24, 34 (1996); *L.P.C. & D, Inc. v. A.C.,* 149 DPR 869, 877 (1999); *Maldonado v. Junta Planificación,* 171 DPR 46, 57–58 (2007).

III.

Por su parte, la Ley 38-2017, 3 LPRA secs. 9601 *et seq.* (la "LPAU"), aplica a todos los procedimientos administrativos conducidos ante todas las agencias que no estén expresamente

exceptuados por dicha ley.  3 LPRA sec. 9604.  Recientemente, la Ley 48 de 19 de febrero de 2024 (Ley 48-2024) y la Ley 153 de 12 de agosto de 2024 (Ley 153-2024), **ambas de vigencia inmediata**, enmendaron la Sección 3.19 de la LPAU, *infra*, que establece el procedimiento y término para solicitar la revisión administrativa de una adjudicación de subasta.

La Ley 48-2024, entre otros asuntos, derogó la Sección 3.19 de la LPAU y la sustituyó por una nueva Sección 3.19.  De acuerdo con la exposición de motivos, lo anterior obedeció a la necesidad de aclarar que el único mecanismo disponible, administrativamente, para impugnar las determinaciones de una Junta de Subastas es el recurso ante la Junta Revisora de la ASG.  Así, se eliminó la reconsideración para atender las impugnaciones de adjudicaciones de subastas.

Además, se dispuso que "[l]a presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la [ASG] **será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**" (énfasis suplido).

De otra parte, la Ley 153-2024 realizó una enmienda "técnica" a la Sección 3.19 de la LPAU, *infra*, "con el propósito de uniformar el término para solicitar revisión judicial al momento de impugnar una adjudicación en un proceso de licitación pública...".  Véase, Exposición de Motivos de la Ley 153-2024.

En la actualidad, la Sección 3.19 de la LPAU dispone lo siguiente:

> Los procesos de licitación pública se celebrarán de conformidad a la Ley 73-2019, según enmendada, salvo los procesos de licitación pública municipal que se realizarán de conformidad a la Ley 107-2020, según enmendada. Las agencias administrativas bajo la definición de Entidades Exentas para fines de la Ley 73-2019, vendrán obligadas a adoptar los métodos de licitación y compras excepcionales y a seguir los procedimientos establecidos en la Ley 73-2019, al

momento de realizar sus compras y subastas de bienes, obras y servicios no profesionales. Las Entidades Exentas de la Ley 73-2019, deberán además cumplir con los términos y procesos que se establecen en esta Ley y en la Ley 73-2019.

**La parte adversamente afectada por una determinación en un proceso de licitación pública podrá presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales dentro del término de diez (10) días calendario**, contados a partir del depósito en el correo federal o la notificación por correo electrónico, lo que ocurra primero, de la adjudicación del proceso de licitación pública. **La Junta Revisora de Subastas de la Administración de Servicios Generales deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario** de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término, la Junta Revisora de la Administración de Servicios Generales determina acoger la misma, tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.

Si se tomare alguna determinación en la revisión administrativa, el término para instar el recurso de revisión judicial ante el Tribunal de Apelaciones comenzará a contarse desde la fecha en que se depositó en el correo federal o se notificó por correo electrónico, lo que ocurra primero, copia de la notificación de la decisión de la Junta Revisora de Subastas de la Administración de Servicios Generales adjudicando la solicitud de revisión administrativa. **Si la Junta Revisora de Subastas de la Administración de Servicios Generales dejare de tomar alguna acción con relación al recurso de revisión administrativa, dentro de los términos dispuestos en esta Ley, se entenderá que este ha sido rechazado de plano, y a partir de esa fecha comenzará a decursar el término para presentar el recurso de revisión judicial**. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.

**La parte adversamente afectada tendrá un término jurisdiccional de veinte (20) días calendario para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones**, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa ante la Junta Revisora de

Subastas de la Administración de Servicios Generales, o **cuando venza el término que tenía la Junta Revisora de Subastas de la Administración de Servicios Generales para determinar si acogía o no la solicitud de revisión administrativa**.

La notificación de la adjudicación del proceso de licitación pública deberá incluir las garantías procesales establecidas en la Ley 73-2019 relativas a los fundamentos para la adjudicación y el derecho y los términos para solicitar revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales y revisión judicial.

Las agencias administrativas, entidades apelativas, la Junta de Subastas de la Administración de Servicios Generales y la Junta Revisora de Subastas de la Administración de Servicios Generales tendrán que emitir sus notificaciones de manera simultánea y utilizando el mismo método de notificación para todas las partes. En aquellos casos en que se haya utilizado más de un método de notificación para todas las partes, el término para presentar el recurso de revisión administrativa o de revisión judicial comenzará a decursar a partir de la notificación o del depósito en el correo del primer método de notificación. (Énfasis provisto). 3 LPRA sec. 9659

IV.

Por su parte, la Ley 73-2019, según enmendada, denominada como Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico de 2019 ("Ley 73"), 3 LPRA sec. 9831 *et seq.*, pretende unificar el poder de compras de las distintas agencias gubernamentales en una sola entidad, la ASG[1]. Véase, Exposición de Motivos de la Ley 73. El Artículo 3 de la Ley 73-2019, 3 LPRA sec. 9831, establece el alcance del estatuto y, en lo pertinente, dispone que: "[l]as disposiciones de este capítulo regirán los procesos de compras y subastas de bienes, obras y servicios no profesionales en todas las entidades gubernamentales y las entidades exentas".

En lo concerniente a la revisión de subastas en la ASG, el Artículo 63 de la Ley 73, 3 LPRA sec. 9838, decreta lo siguiente:

---

[1] Aunque la Subasta se realizó bajo las disposiciones de la Ley 71-2021, 21 LPRA sec. 581 *et seq.*, promulgada para agilizar los procedimientos de reconstrucción con fondos federales para desastres, de todas maneras aplica aquí el marco legal establecido por la LPAU, la Ley 73, y su jurisprudencia interpretativa.

> Los procedimientos de adjudicación de subastas ante la Administración y la Junta de Subastas y los procedimientos de revisión de la adjudicación de subastas ante la Junta Revisora de Subastas, se regirán por los procedimientos establecidos en esta Ley y por cualquier disposición de la Ley 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico", que no contravenga las disposiciones de esta Ley.

En cuanto al término para, y la obligación de, presentar la solicitud de revisión administrativa ante la Junta Revisora de Subastas de la ASG, antes de acudir ante este Tribunal, el Artículo 64 de la Ley 73, 3 LPRA sec. 9838a, coincide con lo establecido en la Sección 3.19 de la LPAU, *ante*, al disponer lo siguiente:

> La parte adversamente afectada por una decisión de la Administración, de la Junta de Subastas o de cualquier Junta de Subastas de Entidad Exenta podrá, dentro del término de diez (10) días calendario a partir del depósito en el correo federal o correo electrónico notificando la adjudicación de la subasta, presentar una solicitud de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales. Presentada la revisión administrativa, la Administración o la Junta de Subastas correspondiente elevará a la Junta Revisora de Subastas de la Administración de Servicios Generales copia certificada del expediente del caso, dentro de los tres (3) días calendario siguientes a la radicación del recurso. La presentación del recurso de revisión administrativa ante la Junta Revisora de Subastas de la Administración de Servicios Generales será un requisito jurisdiccional antes de presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.

Además, de acuerdo con el Artículo 66 de la Ley 73, el procedimiento de revisión administrativa es el siguiente:

> **La Junta Revisora deberá determinar si acoge o no la solicitud de revisión administrativa, dentro del término de diez (10) días calendario** de haberse presentado la solicitud de revisión administrativa. Si dentro de ese término la Junta Revisora de Subastas de la Administración de Servicios Generales determina acoger la misma tendrá un término de treinta (30) días calendario adicionales para adjudicarla, contados a partir del vencimiento de los diez (10) días calendario que tenía para determinar si la acogía o no. La Junta Revisora de Subastas de la Administración de Servicios Generales podrá extender el término de treinta (30) días calendario, una sola vez, por un término adicional de quince (15) días calendario.
>
> ....

> Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se depositó en el correo federal o correo electrónico copia de la notificación de la decisión de la Junta Revisora resolviendo la moción.
>
> Si la Junta Revisora de Subastas de la Administración de Servicios Generales **dejare de tomar alguna acción** con relación a la solicitud de revisión dentro del término correspondiente, según dispuesto en esta Ley, **se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial**. … 3 LPRA sec. 9838c (énfasis suplido).

V.

Concluimos que procede la desestimación del recurso de referencia, pues no se acreditó que tengamos jurisdicción para revisar la Determinación y, además, el recurso es inoficioso, por no haberse presentado a través de una persona admitida a ejercer la profesión jurídica en Puerto Rico.  Veamos.

La parte que acude ante nosotros tiene la obligación de colocarnos en posición de poder evaluar su solicitud.  Véase, por ejemplo, *Morán v. Martí*, 165 DPR 356, 366-367 (2005); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90-91 (2013).  El "hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar*, 159 DPR 714, 722 (2003).

La Recurrente incumplió con su obligación de acreditar que este Tribunal tenga jurisdicción para entender sobre su solicitud.  De hecho, de los propios documentos sometidos por la Recurrente, lo que surge es que el término jurisdiccional de 20 días para acudir a este Tribunal **venció el 12 de marzo**.  No obstante, el recurso se presentó más de dos semanas luego (el **28 de marzo**).

En efecto, y de conformidad con la normativa arriba reseñada, como la Junta Revisora no tomó acción sobre la solicitud ante la Junta Revisora (presentada el 10 de febrero), la misma se considera rechazada de plano, y el término jurisdiccional de 20 días para

solicitar revisión ante este Tribunal comenzó a transcurrir al finalizar los diez días que tenía la Junta Revisora para considerar la solicitud de la Recurrente (20 de febrero). Resaltamos que el término para solicitar revisión judicial ante este Tribunal es de naturaleza jurisdiccional. Véase Regla 57 del Reglamento de este Tribunal. 4 LPRA Ap. XXII-B, R.57.

Adviértase, además, que la norma sobre el término pertinente para acudir a este Tribunal le fue correctamente comunicada a la Recurrente en la Determinación. Allí se le indicó que "si la Junta Revisora dejare de tomar alguna acción con relación a la solicitud de revisión dentro del término correspondiente, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial". Asimismo, allí se le informó que el término para que la Junta Revisora determinara si acogía o no la solicitud de revisión sería de "diez (10) días calendario", y que el término para solicitar la revisión judicial ante este Tribunal sería uno "jurisdiccional de veinte (20) días calendario".

En cualquier caso, e independientemente de lo anterior, el recurso es también inoficioso por no haberse suscrito por un abogado o abogada admitido(a) a ejercer la profesión en Puerto Rico. La norma es que los "entes corporativos" no pueden "comparecer por derecho propio ante los tribunales". *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825, 828 (1980); véanse, además, *U.T.I.E.R. v A.F.F.*, 137 DPR 818 (1995); *Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 786 (1988); *González v. Alicea*, 132 DPR 638, 641 n.1 (1993).

VI.

Por los fundamentos que anteceden, se desestima el recurso de referencia por craso incumplimiento con nuestro Reglamento. Véase, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones