UNIÓN DE TRABAJADORES DE LA INDUSTRIA ELÉCTRICA Y RIEGO (U.T.I.E.R.), demandante y recurrente, *v.* AUTORIDAD DE FUENTES FUVIALES (A.F.F.), demandada y recurrida.

*Número:* CE-94-528          *Resuelto:* 20 de enero de 1995

*Sr. Lorenzo Díaz Díaz*, representante del Comité de Querellas de la Unión de Trabajadores de la Industria Eléctrica y Riego, recurrente; *Francisco L. Acevedo Nogueras*, abogado de la parte recurrida.

PER CURIAM:

# I

El 23 de junio de 1994, el Tribunal Superior, Sala de San Juan (Hon. Eduardo Álvarez de la Vega, Juez), a solicitud de la Autoridad de Energía Eléctrica —antes Autoridad de Fuentes Fluviales— (en adelante la Autoridad), en auxilio de su jurisdicción, ordenó la paralización de los Casos Núms. A-3202-93 y A-3205-93, que estaban pendientes ante el Negociado de Conciliación y Arbitraje del Departamento del Trabajo y Recursos Humanos debido a que involucraban la misma controversia planteada ante ese foro judicial. No conforme, la Unión de Trabajadores de la Industria Eléctrica y Riego (en adelante U.T.I.E.R.) presentó este recurso de *certiorari*.

El 14 de octubre de 1994 concedimos a la Autoridad un término para que compareciera a mostrar causa por la cual no deberíamos expedir el auto, a los únicos fines de revocar

dicho dictamen y ordenar la continuación de los procesos de arbitraje.

En su comparecencia, y en sus méritos, la Autoridad argumenta que la U.T.I.E.R. pretende ahora ventilar en el arbitraje lo mismo que planteó antes en el Tribunal. Aduce que, distinto a la contención de la U.T.I.E.R., el caso no versa sobre la compensación extraordinaria (horas extras). Tampoco se trata de una reclamación de daños por violación de convenio, pues el Tribunal carecería de facultad para conceder daños y perjuicios por esa alegada violación, potestad exclusiva de la Junta de Relaciones del Trabajo de Puerto Rico y limitada a los daños económicos.

II

Carecemos de jurisdicción para atender este recurso. Éste no fue presentado y firmado por un abogado, sino por tres (3) oficiales de la U.T.I.E.R. bajo la rúbrica de "derecho propio".

La capacidad representativa gerencial de una Unión no le autoriza ni se extiende, bajo la caracterización de "derecho propio", a la práctica y al ejercicio de la abogacía. A la U.T.I .E.R. le aplican los pronunciamientos directivos de *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 D.P.R. 825, 827 (1980) —reafirmados en *González v. Alicea, Dir. Soc. Asist. Legal*, 132 D.P.R. 638, 641 esc. 1 (1993), y *Lizarríbar v. Martínez Gelpí*, 121 D.P.R. 770, 786 (1988)— a los efectos de que la abogacía

... contempla personas naturales pues solamente éstas pueden ser autorizadas a ejercer la profesión por este Tribunal. Esta apreciación se robustece al admitirse y permitirse, por vía de excepción, que una persona represente ante los tribunales "sus asuntos propios"; lógicamente dicha salvedad no puede aplicarse a quien no es una persona natural, quedando así excluidas las criaturas jurídicas corporativas. (Énfasis suprimido.)

El que una Unión no sea una corporación, no varía el resultado. En el fondo estamos ante una entidad (persona *no natural*) que, aunque pueda representar y negociar ante un patrono a nombre de sus miembros y tenga la capacidad para demandar y ser demandada, *no puede autorepresentar en los tribunales sus propios asuntos.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Hernández Denton concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Rebollo López no intervino.