| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
|---|---|---|
| DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>Recurrido<br><br>v.<br><br>JUNTA DE DIRECTORES DEL CONDOMINIO TORRES DE ORO Y/O CONSEJO DE TITULARES DEL CONDOMINIO TORRE DE ORO; JUAN CARLOS NIEVES, KARLA O. PÉREZ GONZÁLEZ, LOURDES COLONDRES ROSADO<br><br>Peticionarios | KLRA202400409 | *REVISIÓN JUDICIAL* Procedente del Departamento de Recursos Naturales y Ambientales<br><br>Caso Núm: 23-285-A<br><br>Sobre: Orden de Cese y Desistimiento; Ley para la Conservación, el Desarrollo y Uso de los Recursos de Agua de Puerto Rico |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece por derecho propio, el señor Josean Torres Romero ("señor Torres") mediante un escrito intitulado *Alegato Apelativo al Honorable Tribunal* recibido el 29 de julio de 2024. Nos solicita que revisemos la determinación emitida el 28 de junio de 2024 y notificada el 2 de julio del mismo año por el Departamento de Recursos Naturales y Ambientales ("DRNA" o "Agencia"). Por virtud de la *Resolución* recurrida, la Agencia ordenó al Condominio Torre de Oro el cese y desista de la utilización del agua perteneciente al Pueblo de Puerto Rico.

Por los fundamentos que expondremos a continuación, **desestimamos** el presente recurso, por falta de jurisdicción.

Número Identificador

SEN(RES)2024_____

**I.**

Surge del expediente que, 28 de junio de 2024, la oficial examinadora Myrna Abreu del Valle emitió un *Informe de la Oficial Examinadora* ("*Informe*") en el caso Núm. 23-285-A.[1] En dicho escrito, se explicó que el DRNA había presentado una querella contra el Condominio Torre de Oro y su Consejo de Titulares ("querellado"). En esta, la Agencia solicitó una orden de cese y desista contra el querellado, por aprovechamiento de agua del Pueblo de Puerto Rico, sin contar con una franquicia para ello. Asimismo, se desprende que el DRNA había emitido contra el querellado, tres (3) boletos por la cantidad de quinientos dólares ($500.00) cada uno. La razón de lo último, obedeció a que en varias instancias, vigilantes habían visitado el complejo residencial y encontraron que el condominio continuaba usando el agua sin tener la franquicia requerida.

Por otro lado, el *Informe* indicó que, el 11 de abril de 2024, se llevó a cabo una vista. En esencia, las partes y varios testigos discutieron los pormenores de la controversia. Específicamente, el señor Carlos Santiago ("señor Santiago"), tesorero de la Junta de Directores del Condominio, explicó que varios años atrás, el Condómino Torre de Oro fue desconectado de la Autoridad de Acueductos y Alcantarillados ("AAA") por una deuda con esa entidad. De igual manera, el señor Santiago manifestó que no había interés en solicitar una franquicia y que solo querían volver a conectarse con la AAA, por lo cual solicitó un tiempo para ello. Así pues, el 22 de abril de 2024, notificada el 23 de abril de 2024, la oficial examinadora le concedió treinta (30) días para que lograran las gestiones con la AAA. Sin embargo, el 10 de junio de 2024, un vigilante visitó las facilidades del condominio y logró constatar que aún estaban utilizando el agua sin permiso del

---

[1] Véase, Apéndice del Recurso, págs. 11-13.

DRNA. A su vez, este informó que los boletos aún no habían pagado y hasta esa fecha no se había presentado una solicitud de franquicia a la Agencia. Por tales circunstancias, el *Informe* concluyó con una recomendación para ordenar el cese y desista del uso del agua sin permiso.

Así las cosas, el 28 de junio de 2024, notificada el 2 de julio de 2024, la secretaria de DRNA emitió *Resolución,*[2] mediante la cual, acogió el *Informe* y ordenó el cese y desista del uso del agua.

Inconforme, el 29 de julio de 2024, se presentó el presente recurso en el cual se esbozó el siguiente señalamiento de error:

> En la resolución recibida no menciona que hemos pagado ya $750.00 que es la mitad de la multa de $1,500.00. Que hemos infructuosamente haber hecho incontables gestiones con la Autoridad de Acueductos y Alcantarillados AAA para poder conectarnos y consumir agua potable. Contratamos los servicios del ingeniero Luis Dalmau para que nos ayude en esta nueva gestión.

De conformidad con la Regla 7 (B) (5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), prescindimos de la comparecencia de la parte recurrida, ello con el propósito de lograr la más justa y eficiente adjudicación del caso ante nuestra consideración.

## II.
### A. Jurisdicción

En nuestro sistema de derecho, la jurisdicción consiste en el poder y autoridad que tienen los tribunales para adjudicar casos o controversias, siempre que estos sean justiciables. *JMG Investment, Inc. v. ELA*, 203 DPR 708 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018). Es responsabilidad de los propios tribunales cerciorarse sobre su jurisdicción, así como la jurisdicción del foro donde procede el recurso, pues ella no puede adjudicarse ni ser subsanada, aun con la anuencia de las partes

---

[2] *Íd.*, págs. 8-9.

del pleito. *JMG Investment, Inc. v. ELA*, 203 DPR 708 (2019)*; Fuentes Bonilla v. ELA*, 200 DPR 364 (2018).

El Tribunal Supremo de Puerto Rico ha reiterado que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013). Siendo ello así, las disposiciones que rigen el perfeccionamiento de los recursos a nivel apelativo deberán cumplirse rigurosamente. De esta forma, el derecho a la revisión de una determinación administrativa por el Tribunal Apelativo queda sujeto al estricto cumplimiento del reglamento, las limitaciones legales y su perfeccionamiento.

A tono con lo anterior, la Regla 83(c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, permite al propio tribunal desestimar un recurso por carecer de jurisdicción.

### B. La Ley de Condominio de Puerto Rico

La *Ley de Condominios de Puerto Rico*, Ley Núm. 129 de 16 de agosto de 2020, según enmendada, 31 LPRA sec. 1921 *et seq.* ("Ley de Condominios"), gobierna el régimen de propiedad horizontal, irrespectivo de la fecha en que fuera sometido a dicho régimen. Artículo 76 de la Ley de Condominios, *supra.* El régimen de propiedad horizontal tiene como finalidad las siguientes: "(1) proveer a las personas la posibilidad de disfrutar el derecho a la propiedad plena e individual de un inmueble, y (2) maximizar el uso escaso de terreno disponible en el país". *Con. Tit. Centro Int'l Torre II v. PRCI,* 210 DPR 403, 415 (2022) citando a *Park Tower, S.E. v. Registradora*, 194 DPR 244, 253 (2015). De esta forma, la propiedad plena e individual coexiste con otros dueños mientras comparten áreas comunes para el disfrute de todas y todos sus integrantes. *Íd.*

Ahora bien, el Artículo 48 de la Ley de Condominios, *supra*, designa al Consejo de Titulares como la autoridad suprema sobre la administración del inmueble sometido al Régimen de Propiedad Horizontal. Este estará constituido por todos los titulares y "tendrá personalidad jurídica propia y de sus obligaciones frente a terceros, responderán los titulares de forma subsidiaria y sólo con su apartamento". 31 LPRA sec. 1922t. Asimismo, el Consejo de Titulares deberá, en aquellos condominios donde concurran más de veinticinco (25) titulares, constituir una Junta de Directores. Esta deberá contar con al menos, un Presidente, un Secretario, y un Tesorero.

En ese sentido, el Artículo 54 de la Ley de Condominios, *supra*, describe los poderes y deberes del Presidente de la Junta de Directores de la siguiente forma:

> El Presidente representará en juicio y fuera de él a la comunidad en los asuntos que la afecten y presidirá las asambleas del Consejo de Titulares. Comparecerá a nombre del condominio para otorgar las escrituras y demás documentos en los que el Consejo de Titulares sea parte.

> El Presidente podrá tener a las personas que entienda necesario para que lo asistan en el proceso de presidir la asamblea. Cuando se trate de acciones para hacer cumplir ésta o cualquier otra ley aplicable, el reglamento del Condominio o los acuerdos del Consejo de Titulares, **o cuando el Consejo de Titulares o la Junta de Directores, en representación de éste, deba comparecer en pleito como demandado o querellado, el Presidente podrá comparecer a nombre de dichos organismos y presentar las acciones y defensas que estime procedentes, seleccionando la representación legal que estime conveniente, previa consulta a la Junta.** De las acciones tomadas, deberá notificar a los titulares dentro de los treinta (30) días siguientes.

> Todo acuerdo de transacción judicial o extrajudicial que exceda de cinco mil dólares ($5,000) deberá obtener la aprobación del Consejo de Titulares. En los condominios no residenciales, el reglamento podrá fijar otra suma.

> En todo caso, se presumirá que el Presidente de la Junta de Directores cuenta con la autorización del Consejo de Titulares para comparecer a nombre de

éste en los foros pertinentes. 31 LPRA sec. 1922z (Énfasis suplido)

### III.

Previo a entrar en los méritos de la controversia ante nuestra consideración, esta Curia tiene el deber ineludible de auscultar si ostenta jurisdicción sobre el caso. Efectuado tal ejercicio, notamos que este foro carece de jurisdicción para atender el presente pleito. Por tal razón, no tenemos otra alternativa que desestimarlo.

En el presente recurso, comparece por derecho propio el señor Torres quien se identifica como el Presidente de la Junta de Directores. Cabe precisar, que el señor Torres no fue parte del pleito en el foro administrativo toda vez que la acción que el DRNA instó fue contra el Condominio Torre de Oro y su Consejo de Titulares. En dado caso, es dicho Consejo de Titulares quien ostenta la personalidad jurídica para poder comparecer a este tribunal.

Ahora bien, la Ley de Condominios, *supra*, dispone que cuando el "Consejo de Titulares o la Junta de Directores, en representación de éste, deba comparecer en pleito como demandado o querellado, el Presidente podrá comparecer a nombre de dichos organismos y presentar las acciones y defensas que estime procedentes, **seleccionando la representación legal que estime conveniente**, previa consulta a la Junta". (Énfasis suplido) 31 LPRA sec. 1922z.

Es preciso reiterar la norma firmemente establecida en nuestro ordenamiento de que la comparecencia por derecho propio está reservada a personas naturales. *Véase, Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 786 (1988). Las personas que no son naturales no "puede[n] autorepresentar en los tribunales sus propios asuntos". (Énfasis omitido) *U.T.I.E.R. v. A.F.F.*, 137 DPR 818, 821 (1995). Para ello, es necesario que comparezcan ante los

tribunales a través de abogado. *B. Munoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825, 829-830 (1980).

En fin, el señor Torres está imposibilitado de comparecer a este foro por derecho propio, en representación del Consejo de Titulares ya que no es un abogado admitido a la práctica legal en Puerto Rico y tampoco compareció con representación legal tal y como lo exige la Ley de Condominios. A la luz de los fundamentos anteriormente esgrimidos, resolvemos que corresponde desestimar el recurso por falta de jurisdicción.

**IV.**

Por los fundamentos antes expuestos, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones