Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| PUCHIN LLC (DBA WOOPS MINIMART-CALLE LOÍZA)<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN, OFICINA DE PERMISOS<br><br>Recurrida | TA2025RA00221 | REVISIÓN JUDICIAL procedente de la Oficina de Permisos del Municipio Autónomo de San Juan<br><br>Solicitud núm.: 230P-62134QU-SJ<br><br>Boleto Núm.: 004809<br><br>Sobre: Multa Administrativa |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 24 de septiembre de 2025.

Comparece ante este foro apelativo, el Sr. Cristian A. González Llama (señor González Llama), en alegada representación de Puchin, LLC., mediante el recurso de epígrafe y nos solicita la revisión de la *Resolución* del 22 de agosto de 2025 emitida por la Oficina de Permisos del Municipio Autónomo de San Juan, en la que se le impuso a Puchín LLC una multa $2,000 por violación en la operación del negocio.

El 23 de septiembre de 2025, la Oficina de Permisos del Municipio Autónomo de San Juan, (Municipio o recurrido) sometió un escrito intitulado *Moción Solicitando Desestimación*. Mediante este, arguyó que el escrito presentado había sido suscrito por el señor González Llama en calidad de "representante autorizado" y no como representante legal. Añadió que, en Puerto Rico, ninguna persona que no esté autorizada a la práctica de la profesión de la abogacía puede gestionar asuntos judiciales que no sean los suyos propios ante un tribunal de justicia.

Por los fundamentos que expondremos a continuación, declaramos *Ha Lugar* a la moción desestimatoria instada por el Municipio y, en consecuencia, desestimamos el recurso ante la falta de jurisdicción.

**I.**

**Jurisdicción**

El término jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos o controversias. *Freire Ruiz et al. v. Morales, Hernández,* 2024 TSPR 129, 215 DPR ___ (2024); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019); *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018). Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia, sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83(B)(1), *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025), lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;

Por su parte, la Regla 57 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 79, 215 DPR __ (2025), establece un término jurisdiccional de treinta (30) días para presentar un recurso de revisión judicial, contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia.

**Las Compañías con Responsabilidad Limitada (CRL)**

La figura de la corporación nace con la intención de facilitar y promover las actividades comerciales en Puerto Rico. Exposición de Motivos de la Ley General de Corporaciones, Ley núm. 164-2009 (Ley de Corporaciones). *Miramar Marine et al. v. Citi Walk et al.*, 198 DPR 684 (2017). Como es sabido, una de las características medulares de las corporaciones es que las mismas poseen personalidad jurídica propia, separada y distinta a la de sus incorporadores y accionistas. *Acevedo et al. v. Igl. Católica et al*, 200 DPR 458 (2018). Las corporaciones cuentan con distintas formas de organizarse e incorporarse, entre las cuales se encuentran las Compañías de Responsabilidad Limitada (CRL o, como se les conoce generalmente por sus siglas en inglés, LLC). Una CRL no es otra cosa que una corporación con responsabilidad limitada creada, por una persona o más, para la realización o promoción de cualquier negocio o propósito lícito, con o sin fines de lucro. *Véase* Artículo 19.01(e) de la Ley núm. 164-2009, según enmendada, conocida como la "Ley General de Corporaciones", 14 LPRA sec. 3951.

En vista de ello, una de las características principales de la corporación es que cuenta con una personalidad jurídica distinta y separada a la de sus dueños. *Multinational Ins. v. Benítez y otros*, 193 DPR 67, 76 (2015); *Santiago et al. v. Rodríguez et al.*, 181 DPR 204, 214 (2011). De no reconocerse la personalidad jurídica distinta y separada de la corporación con relación a la de los accionistas, "se destruiría el principio de responsabilidad limitada que es consustancial con la ficción corporativa". *Fleming v. Toa Alta Develop. Corp.*, 96 DPR 240, 244 (1968).

Por otro lado, contrario a lo que sucede con las personas naturales, las corporaciones tienen prohibido en nuestro ordenamiento jurídico la comparecencia por derecho propio ante nuestros tribunales. Nuestro ordenamiento jurídico no autoriza la comparecencia, representación y defensa de los intereses de una corporación -como demandante o demandada ante los tribunales de justicia-, a través de una persona que no esté admitida a la práctica profesional de la abogacía en Puerto Rico. *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825, 827 (1980). Las personas naturales son las únicas autorizadas para ejercer la profesión de la abogacía. A modo de excepción, se permite que una persona natural represente ante los tribunales sus asuntos propios. Sin embargo, ello no aplica a las personas jurídicas como lo son las corporaciones. *UTIER v. AFF, 137 DPR 818 (1995)*.

Así pues, se prohíbe que las corporaciones practiquen el derecho, pues se pretende evitar que, mediante el esquema corporativo, esas entidades controladas por personas que no son abogados advengan al ejercicio de la profesión directa o indirectamente *Íd.*; *González v. Alicea, Dir. Soc. Asist. Legal*, 132 DPR 638, 641 (1993). En este sentido, una entidad (persona no natural), aunque pueda representar y negociar ante un patrono a nombre de sus miembros y tenga la capacidad para demandar y ser

demandada, no puede autorepresentar en los tribunales sus propios asuntos. *UTIER v. AFF,* supra, a la pág. 821 (1995). Por tanto, en las ocasiones en que se requiera la comparecencia de una corporación ante dichos foros, deberá estar representada por un abogado admitido a la práctica de la abogacía por el Tribunal Supremo de Puerto Rico.

Por lo anterior, incide en su jurisdicción y, por tanto, es nula cualquier actuación o dictamen producto de un proceso en el que una corporación haya comparecido ante un tribunal sin estar representada por un abogado o abogada. *B. Muñoz, Inc. v. Prod. Puertorriqueña,* supra, a la pág. 830.

**II.**

Analizado el recurso ante nuestra consideración, así como la *Moción Solicitando Desestimación* presentada por el Municipio de San Juan, en principio, nos corresponde auscultar si tenemos jurisdicción para atenderlo debido a que, por ser materia privilegiada, debemos atenderla con preferencia sobre cualquier otra cuestión planteada. *S.L.G. Szendrey-Ramos v. F. Castillo*, supra.

Según surge del expediente apelativo, el recurso que nos ocupa está firmado por el señor González Llama, presentándose como "representante autorizado" sin ser estar admitido a la profesión de la abogacía en Puerto Rico. Conforme al derecho previamente esbozado, una corporación o persona jurídica debe estar representado por un abogado o abogada. *B. Muñoz, Inc. v. Prod. Puertorriqueña* supra, a la pág. 827. La falta de representación legal de la corporación incide en nuestra jurisdicción. Por lo que, no está adecuadamente perfeccionado el recurso, aunque en un inicio se haya intentado recurrir ante este foro apelativo, dentro del término jurisdiccional establecido en ley, para revisar la multa.

En consecuencia, cualquier decisión que tomemos, basado en lo establecido doctrinalmente, haría nula cualquier actuación o

dictamen que se emita para atender en los méritos las controversias planteadas. Reiteramos que, una vez se determine que carecemos de jurisdicción para atender el recurso, lo único que corresponde es así declararlo. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1, 7 (2007).

**III.**

Por los fundamentos antes expuestos, declaramos *Ha Lugar* a la *Moción Solicitando Desestimación* presentada por el Municipio Autónomo de San Juan y; en consecuencia, desestimamos el recurso de epígrafe ante la falta de jurisdicción.

A su vez, se deja sin efecto nuestra *Resolución* emitida el 15 de septiembre de 2025.

Notifíquese **inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones