Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| MOB ENTERPRISE LLC<br><br>APELANTE<br><br>v.<br><br>HON. YANIRA RAÍCES VEGA, SECRETARIA DEL DEPARTAMENTO DE EDUCACIÓN<br><br>APELADA | TA2025CE00529 | *Certiorari acogido como Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2024CV00494<br><br>Sobre:<br>Cobro de Dinero - Ordinario |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

### I.

El 29 de septiembre de 2025, la señora Michelle M. Ortiz Flores, como presidenta de MOB Enterprise LLC (apelante o MOB), presentó, por derecho propio y en representación de la corporación, una moción titulada *Relevo de Sentencia y Eficacia Inherente del Negocio Jurídico.*[1] En esta, hizo referencia a un asunto de cobro de dinero en el caso ***MOB Enterprise, LLC. y otros v. Honorable Yanira Raíces Vega, Secretaria de Educación,*** SJ2024CV00494, y a una investigación activa ante el Departamento de Justicia por la cual esperaba recibir un informe relacionado con una querella que instó ante la Policía, mas no formuló señalamiento de error o súplica alguna.

En vista de que MOB, por ser una corporación, no puede comparecer por conducto de su presidenta, por derecho propio, el

---

[1] Véase entrada núm. 1 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

30 de septiembre de 2025, emitimos una *Resolución* en la que le concedimos a la apelante hasta el 10 de octubre de 2025 para anunciar su representación legal.[2]

El 10 de octubre de 2025, la señora Michelle M. Ortiz Flores presentó una *Moción de Asistencia Legal* en la que solicitó un término adicional para anunciar su representación legal.[3]

El 15 de octubre de 2025, emitimos una *Resolución* en la que le concedimos hasta el 30 de octubre de 2025 para cumplir con lo ordenado en nuestra *Resolución* emitida el 30 de septiembre de 2025.[4]

El 30 de octubre de 2025, MOB presentó un *Escrito en cumplimiento de orden* en el que anunció su representación legal.[5]

El 4 de noviembre de 2025, emitimos una *Resolución* en la que aceptamos la representación legal anunciada y le concedimos hasta el 10 de noviembre de 2025 para que adecuara el recurso.[6]

El 10 de noviembre de 2025, MOB presentó una *Petición de certiorari* en la que nos solicitó que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 1 de agosto de 2025, notificada y archivada digitalmente en autos el 4 de agosto de 2025.[7] Mediante dicho dictamen, el TPI declaró Ha Lugar la *Moción de Sentencia Sumaria* presentada por la apelada y, en consecuencia, declaró No Ha Lugar la *Demanda* radicada por la apelante.[8]

Se acoge el escrito como una apelación, por ser el recurso procedente; toda vez que se recurre de una Sentencia del TPI. Se mantiene el alfanumérico originalmente asignado.

---

[2] Íd., entrada núm. 2.
[3] Íd., entrada núm. 5.
[4] Íd., entrada núm. 6.
[5] Íd., entrada núm. 7.
[6] Íd., entrada núm. 8.
[7] Íd., entrada núm. 9. Véase, además, entrada núm. 27 en el expediente digital del caso en SUMAC del Tribunal de Primera Instancia (SUMAC-TPI).
[8] Entrada núm. 27 en SUMAC-TPI.

El 12 de noviembre de 2025, emitimos una *Resolución* en la que le concedimos al Departamento de Educación, mediante la Oficina del Procurador General (apelada), hasta el 20 de noviembre de 2025 para expresar su posición respecto a los méritos del recurso.[9]

El 20 de noviembre de 2025, la apelada presentó una *Solicitud de Desestimación* alegando, en síntesis, falta de jurisdicción sobre la materia.[10]

El 21 de noviembre de 2025, emitimos una *Resolución* en la que le concedimos a la apelante hasta el 1 de diciembre de 2025 para exponer su posición al respecto.[11]

El 1 de diciembre de 205, MOB presentó una *Réplica a Moción de Desestimación* en la que solicitó que se declare No Ha Lugar a la solicitud de desestimación y se revoque la *Sentencia* apelada.[12]

Con el beneficio de la comparecencia de las partes, damos por perfeccionado el recurso. En adelante, pormenorizamos los hechos procesales pertinentes al recurso.

**II.**

El caso de marras tuvo su génesis el 19 de enero de 2024, cuando MOB presentó una *Demanda* sobre cobro de dinero en contra del Departamento de Educación.[13] En esta, mencionó que le fue adjudicada una subasta para establecer un contrato de servicios de pintura general y mantenimiento preventivo para las escuelas públicas del Estado Libre Asociado de Puerto Rico (ELA). En virtud de ello, suscribió un contrato el 10 de mayo de 2022 para realizar tales trabajos. Según indicó, el Departamento de Educación le asignó tres (3) escuelas y ésta realizó los trabajos según establecidos.

---

[9] Véase entrada núm. 15 en SUMAC-TA.
[10] Íd., entrada núm. 16.
[11] Íd., entrada núm. 17.
[12] Íd., entrada núm. 18.
[13] Véase entrada núm. 1 en SUMAC-TA.

Así las cosas, alegó que la apelada solo le ha pagado por los servicios realizados en dos (2) de las escuelas, adeudándole el pago por los servicios realizados en el plantel escolar Carmen Benítez, a pesar de las múltiples gestiones que han resultado infructuosas. Por lo cual, adujo que la apelada le adeuda $2,110,003.67, cantidad líquida, vencida y exigible, más intereses, gastos, costas y honorarios de abogado en la cantidad de $25,000.00.

El 25 de junio de 2024, el Gobierno de Puerto Rico, presentó una *Moción de Sentencia Sumaria.*[14] En síntesis, alegó que no existía obligación por parte del Departamento de Educación hacia MOB dado que no hubo contrato, ni orden de compra o documento similar para que realizara labores en el plantel escolar Carmen Benítez. Por lo cual, adujo que la controversia giraba en torno a si existía un contrato válido entre las partes que cumpla con los requisitos de la contratación gubernamental y que obligue a la apelada a pagarle a la apelante por los trabajos realizados en dicho plantel.

El 27 de septiembre de 2024, MOB presentó una *Moción en Oposición a Sentencia Sumaria.*[15] Arguyó que sí existió un contrato entre las partes que fue firmado el 5 de octubre de 2022, fecha en que se firmó el contrato para brindar servicios a otro plantel escolar. Además, alegó que recibió un "Notice to proceed" por la apelada para que esta realizara labores en tres (3) planteles escolares. Así, sostuvo que existían asuntos en controversia que impedían la resolución sumaria del pleito.

El 1 de agosto de 2025, el TPI emitió una *Sentencia* mediante la cual declaró Ha Lugar la *Moción de Sentencia Sumaria* de la apelada y declaró No Ha Lugar la *Demanda.*[16] En síntesis, resolvió que MOB no controvirtió los hechos planteados por la apelada y que,

---

[14] Íd., entrada núm. 12.
[15] Íd., entrada núm. 20.
[16] Íd., entrada núm. 27.

de sus propios argumentos, MOB demostró que no tiene razón en su acción de cobro de dinero al no existir una deuda legítima.

El TPI concluyó que no hubo una orden de compra válida emitida por el Departamento de Educación para autorizar a MOB a realizar los trabajos que alegó que le adeudan. Además, estableció que la apelante no acreditó la existencia de un contrato válido y registrado entre las partes para realizar los trabajos en el plantel escolar Carmen Benítez. Por ello, determinó que la deuda que ésta reclamó no es válida ni exigible, por lo que procede la desestimación de su reclamación.

Inconforme, el 19 de agosto de 2025, MOB presentó una *Moción de Reconsideración.*[17] El 28 de agosto de 2025, el TPI emitió una *Resolución* en la que declaró No Ha Lugar a la reconsideración.[18]

El 22 de septiembre de 2025, la señora Michelle M. Ortiz Flores, como presidenta de MOB, presentó, por derecho propio, en representación de la corporación, una *Moción relevo de sentencia y eficacia inherente del negocio jurídico.*[19]

Ese mismo día, el TPI emitió una *Orden* en la que declaró No Ha Lugar la moción dado que no cumplió con los criterios de la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, sobre el relevo de sentencia.[20] Además, le advirtió que, por ser un ente corporativo, debía comparecer mediante representación legal.

El 29 de septiembre de 2025, la señora Michelle M. Ortiz Flores acudió ante este foro apelativo, como Presidenta de MOB y por derecho propio, en representación de la corporación, mediante una moción titulada *Relevo de Sentencia y eficacia inherente del negocio jurídico.*

---

[17] Íd., entrada núm. 28.
[18] Íd., entrada núm. 30.
[19] Íd., entrada núm. 35.
[20] Íd., entrada núm. 36.

Posteriormente, el 10 de noviembre de 2025, MOB compareció, a través de su representación legal, mediante una petición de *certiorari*, acogida como apelación, toda vez que recurre de una Sentencia. En esta, formuló los siguientes señalamientos de error:

**PRIMER ERROR: ERRÓ EL TPI AL DISPONER MEDIANTE SENTENCIA SUMARIA DEL CASO Y DECLARAR NO HA LUGAR LA DEMANDA, EXISTIENDO UNA CLARA CONTROVERSIA SOBRE LOS HECHOS DEL CASO QUE DEMUESTRAN UNA MAL INTENCIONADA ACTUACIÓN DE FUNCIONARIOS PUBLICOS QUE ACTUANDO CON NEGLIGENCIA, MALICIA, PREJUICIO O PARCIALIDAD, OMITIERON UN DEBER MINISTERIAL DE OBRAR CON DILIGENCIA ANTE LAS INDICACIONES DE ERROR MANIFIESTO EN LA ORDEN DE COMPRA O "NOTICE TO PROCEED".**

**SEGUNDO ERROR: EN LA ALTERNATIVA, ERRÓ EL TPI CUANDO APLICO LA DOCTRINA DE LA INEXISTENCIA DE CONTRATO ENTRE LAS PARTES, YA QUE DE HECHO EN LA SENTENCIA SE PARTE DEL PRINCIPIO QUE EXISTÍA UN CONTRATO VÁLIDO ENTRE LAS PARTES PARA LA EJECUCIÓN DE UNAS OBRAS, QUE RECONOCE UNAS OBLIGACIONES Y DERECHOS DE LAS PARTES Y QUE SOLO SE AFECTÓ POR LA NEGLIGENCIA SEÑALADA DE LOS FUNCIONARIOS PÚBLICOS EN EMITIR LA ORDEN COMPRA O NOTICE TO PROCEED PARCIALMENTE CORRECTO VIOLENTANDO LOS PRINCIPIOS DE BUENA FE EN LA CONTRATACION.**

En síntesis, suplicó que revoquemos la *Sentencia* emitida por el TPI, devolvamos el caso para que se complete el descubrimiento de prueba y se celebre un juicio en sus méritos.

Por su parte, el 20 de noviembre de 2025, el Gobierno de Puerto Rico, presentó una *Solicitud de Desestimación.* En esta, arguyó que carecemos de jurisdicción por falta de validez del recurso que no puede ser subsanado, toda vez que una corporación no puede ser representada por derecho propio, por su Presidenta, sino que tiene que comparecer representada por abogado(a) y, porque el término para apelar la Sentencia venció.

El 1 de diciembre de 2025, MOB presentó una *Réplica a Moción de Desestimación.* Por su parte, alegó que no radicó el recurso fuera de tiempo que nos prive de jurisdicción. Además,

adujo que su reclamo es la evaluación de los "elementos esenciales" para que el TPI dictara Sentencia Sumaria, error y súplica que expresó en el recurso. Sostuvo que esa es la razón por la cual este Tribunal le requirió comparecer por medio de un abogado(a) y adecuar el recurso, con el propósito de reducir las desestimaciones y proveer una oportunidad razonable para la corrección de defectos de forma o notificación que no afecten los derechos de las partes.

Pormenorizado el trámite procesal pertinente a la controversia, en adelante, consignamos el derecho aplicable.

**III.**

**A.**

El Artículo 4.002 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, establece que el Tribunal de Apelaciones es un foro apelativo que revisará, "como cuestión de derecho, las sentencias finales del Tribunal de Primera Instancia, así como las decisiones finales de los organismos y agencias administrativas". 4 LPRA sec. 24u.

La presentación de un recurso de apelación está regulada por el Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), y las Reglas de Procedimiento Civil, *supra.* Para que un recurso apelativo quede perfeccionado, tanto las partes como sus representantes legales deben observar rigurosamente este conjunto de normas que rigen la práctica apelativa puertorriqueña. ***Pérez Soto v. Cantera Pérez, Inc. et al.***, 188 DPR 98, 104-105 (2013).

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Cobra Acquisitions v. Mun. de Yabucoa et al.***, 210 DPR 384, 394 (2022); ***Adm. Terrenos v. Ponce Bayland***, 207 DPR 586, 600 (2021); ***Shell v. Srio. Hacienda***, 187 DPR 109, 122 (2012). "Para adjudicar un caso, el tribunal debe tener tanto jurisdicción sobre la

materia como sobre las partes litigiosas". ***Cobra Acquisitions v. Mun. de Yabucoa et al.***, supra; ***Shell v. Srio. Hacienda***, supra. Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. ***Shell v. Srio. Hacienda***, *supra,* págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v. ELA***, 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom***, 190 DPR 652, 660 (2014).

De ordinario, la falta de jurisdicción posee las siguientes características: (1) no es susceptible de ser subsanada; (2) las partes no pueden conferírsela voluntariamente al tribunal, ni este puede arrogársela; (3) conlleva la nulidad de cualquier dictamen emitido; (4) impone a los tribunales el deber obligatorio de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro inferior; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de partes o por el propio tribunal. ***González v. Mayagüez Resort & Casino***, 176 DPR 848, 855 (2009).

En el ámbito procesal, un recurso tardío "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre." ***S.L.G. Szendrey-Ramos v. F. Castillo,*** 169 DPR 873, 883 (2007). Ello se debe a que su presentación carece de eficacia, por lo que no produce efecto jurídico alguno, ya que en el momento que fue presentado no había autoridad judicial alguna para acogerlo. Id.

En los casos en que el ELA es parte y se solicita la revisión de sentencias del Tribunal de Primera Instancia, se requiere que la parte adversamente afectada presente el recurso de apelación dentro del término de cumplimiento estricto de sesenta (60) días, contados a partir de la fecha de la notificación del dictamen. Regla 13 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 22. Igual término jurisdiccional dispone la Regla 52.2 de Procedimiento Civil, *supra*, R. 52.2. Sabido es que, un término jurisdiccional es fatal, improrrogable e insubsanable. ***Martínez, Inc. v. Abijoe Realty Corp.***,151 DPR 1, 7 (2000).

De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. ***González v. Mayagüez Resort & Casino***, 176 DPR 848, 855 (2009). A tenor con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, ***In re Aprob. Enmdas. Reglamento TA***, 2025 TSPR 42, pág. 109-110, 215 DPR __ (2025), nos autoriza a desestimar un recurso por falta de jurisdicción.

**B.**

La *Ley General de Corporaciones*, Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, 14 LPRA sec. 3501 *et seq.* (Ley 164-2009), regula todo lo concerniente a las corporaciones domésticas y foráneas. Esta establece que toda corporación creada al amparo de sus disposiciones tendrá facultad para demandar y ser demandada bajo su nombre corporativo y participar en cualquier procedimiento judicial, administrativo, de arbitraje o de cualquier otro género. Artículo 2.02(B) de la Ley 164-2009, *supra.* Inclusive, el Artículo 217 del Código Civil de Puerto Rico, 31 LPRA sec. 5865, dispone que son personas jurídicas, entre otras, las corporaciones. La entidad corporativa nace con la expedición del certificado de incorporación. Artículo 1.05(A) de la Ley 164-2009, *supra.*

En nuestro ordenamiento jurídico, se permite la representación de personas naturales por derecho propio ante los tribunales. Sin embargo, el Tribunal Supremo ha resuelto que, la capacidad representativa no autoriza ni se extiende, bajo el precepto de "derecho propio" a la práctica y ejercicio de la abogacía a quien no este autorizado por el Tribunal Supremo. *U.T.I.E.R. v. A.F.F*., 137 DPR 818, 820 (1995). Con ello, en lo pertinente a la controversia de marras, se deben aplicar lo resuelto en *B. Muños, Inc. v. Prod. Puertorriqueña*, 109 DPR 825 (1980), respecto a los entes corporativos. Allí, se resolvió, por consideraciones de política pública, que los entes corporativos están vedados de comparecer por derecho propio ante los tribunales de justicia. *Supra*, pág. 828. Dicha norma promulga la nulidad de toda actuación, inclusive cualquier sentencia que haya obtenido la corporación cuando es demandante. *Supra*, pág. 830.

**IV.**

De umbral, atendemos el planteamiento esbozado por la apelada sobre falta de jurisdicción. Según alega, este Tribunal no tiene jurisdicción para atender el recurso. Adujo que el recurso adolece de defectos sustantivos insubsanables como la ausencia de señalamiento de error, súplica y la presentación del mismo por la Presidenta de la corporación, por derecho propio y no por abogado(a). También, arguyó que, para la fecha en que se presentó la moción titulada *Petición de Certiorari* para adecuar el recurso, mediante la representación legal de MOB, había vencido el término jurisdiccional para apelar la Sentencia.

En cambio, MOB sostuvo que desde el primer escrito nos suplicó que revisemos la existencia de "elementos esenciales" sobre la Sentencia Sumaria emitida por el TPI. Además, arguyó que el hecho de presentar el recurso por derecho propio, por conducto de la Presidenta de la corporación, no nos priva de jurisdicción.

En el caso de marras, la *Sentencia* apelada se emitió el **1 de agosto de 2025** y se notificó y archivo digitalmente en autos el **4 de agosto de 2025**. Fecha a partir de la cual comenzó a de cursar el término para apelar. Toda vez que el Gobierno de Puerto Rico, es parte demandada, el término jurisdiccional para apelar la sentencia es de sesenta (60) días. Oportunamente, la apelante presentó una reconsideración a la Sentencia, la cual fue declarada No Ha lugar. Aun insatisfecha, el 29 de septiembre de 2025, la Presidenta de MOB radicó ante este tribunal una petición de *certiorari*. Dado que era requerido que MOB compareciera con abogado, la apelante mediante su representación legal, presentó un nuevo recurso de *certiorari* el 10 de noviembre de 2025.

Tras un análisis objetivo, sereno y cuidadoso del expediente y a la luz de la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos desestimar el recurso por falta de jurisdicción. Ello, toda vez que cuando se radicó el recurso la corporación compareció representada por su Presidenta, por derecho propio y no por un abogado(a) que es un requisito legal insoslayable.

En virtud de las normas procesales precedentemente pormenorizadas, el término que tenía MOB para apelar la Sentencia venció el **28 de octubre de 2025**. A pesar de que su Presidenta radicó la petición de un recurso el 29 de septiembre de 2025 por derecho propio y en representación de la corporación, el mismo resulta inoficioso porque debía presentarse por conducto de un abogado(a), dentro del término jurisdiccional provisto por las Reglas de Procedimiento Civil, *supra*, y nuestro Reglamento. Por lo cual, carecemos de jurisdicción para intervenir y adjudicar la controversia planteada.

Adviértase que la apelante fue apercibida de que, al ser un ente corporativo, debía comparecer en todo momento mediante

representación legal. Véase, **_B. Muñoz, Inc. v. Prod. Puertorriqueña_**, supra.

<strong>V.</strong>

Por los fundamentos pormenorizados, se _desestima_ el recurso de _Apelación_ de epígrafe.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones