Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| WANDA I. ROBLES VÉLEZ, SPLASH LEARNING ACADEMY, INC.<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE DESARROLLO ECONÓMICO Y COMERCIO (DDEC), OFICINA DE GERENCIA DE PERMISO (OGPe)<br><br>Recurrida | TA2026RA00121 | REVISIÓN JUDICIAL Procedente del Departamento de Desarrollo Económico (DDEC), Oficina de Gerencia de Permisos (OGPe)<br><br>Caso Núm.: 2024-582990-PU-350264<br><br>Revisión Núm.: 2024-581638-SDR-303856 |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 9 de abril de 2026.

El 19 de marzo de 2026, la Sra. Wanda I. Robles Vélez (señora Robles) y Splash Learning Academy, Inc. (Splash Academy), acudieron ante este Tribunal de Apelaciones en busca de la revisión judicial de la *Notificación No Acogiendo Solicitud de Revisión Administrativa*, emitida por la Oficina de Gerencia de Permisos (OGPe) el 20 de febrero de 2026. Según propiamente anuncia su título, mediante el referido dictamen la División de Revisiones Administrativas de la OGPe resolvió no acoger la revisión administrativa solicitada por la parte recurrente en relación con la denegación del Permiso de Uso Número 2024-582990-PU-350264.

Habiéndosele ordenado a comparecer dentro del plazo dispuesto en la Regla 63 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025)[1] , la OGPe

---

[1] SUMAC TA, Entrada Núm.4.

compareció el 30 de marzo de 2026, mediante una *Solicitud de Desestimación*.[2] Por su parte, en respuesta a dicho escrito, la señora Robles sometió *Moción Urgente Para Aclarar Capacidad de Comparecencia y Solicitar Término para Obtener Representación Legal*. Con el beneficio de tales comparecencias, procedemos a resolver.

-I-

La figura de la corporación nace para facilitar y promover las actividades comerciales.[3] Una de las características principales de la corporación es que cuenta con una personalidad jurídica distinta y separada de la de sus dueños. *Id.,* y fuentes allí citadas. Por eso, conforme al Art. 2.02(B) de la Ley 164-2009, toda corporación creada al amparo de sus disposiciones tendrá la facultad, entre otras cosas, para demandar y ser demandada bajo su nombre corporativo en cualquier Tribunal. También, podrá participar en cualquier procedimiento judicial, administrativo, de arbitraje o de cualquier otra naturaleza.[4]

Ahora bien, desde *B. Muñoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825 (1980) el Tribunal Supremo de Puerto Rico ha adoptado la norma que veda a los entes corporativos de comparecer por derecho propio ante los tribunales de justicia.[5]

-II-

Como arriba mencionamos, en el recurso de revisión administrativa de epígrafe comparecieron de forma conjunta la señora Robles, así como Splash Academy. Una lectura del escrito sometido ante nuestra consideración revela que Splash Academy no acudió ante este Tribunal de

---

[2] SUMAC TA, Entrada Núm.5.

[3] *Miramar Marine, et al. v. City Walk, et al.,* 198 DPR 684, 691 (2017) al citar la Exposición de Motivos de la Ley 164 del 16 de diciembre de 2009, mejor conocida como la Ley General de Corporaciones (Ley 164-2009), 14 LPRA Sec. 3501, *et seq.,* y a *Santiago et al v Rodríguez et al.,* 181 DPR 204, 215 (2011).

[4] 14 LPRA Sec. 3522(B**).**

[5] Tal normativa, ha sido reafirmada en *U.T.I.E.R. v. A.F.F.*, 137 DPR 818, 820 (1995); *González v. Alicea, Dir. Soc. Asist. Legal*, 132 DPR 638, 641 esc. 1 (1993); y *Lizarribar v. Martínez Gelpí*, 121 DPR 770, 786 (1988).

Apelaciones representada por un abogado o abogada, sino que es la señora Robles quien suscribió el documento en su representación. En ese sentido, y dado que en nuestro ordenamiento jurídico las corporaciones no pueden comparecer por derecho propio, ni a través de sus oficiales que no son abogados, es evidente que la comparecencia por derecho propio de la señora Robles en representación de Splash Academy es inválida.

Mediante el escrito urgente sometido por la señora Robles el 1 de abril de 2026, esta intenta salvaguardar la ineficacia de su gestión. Con tales fines, y en respuesta a la *Solicitud de Desestimación* sometida por la OGPe, asevera tener un interés personal, real y directo como dueña del solar y la propiedad objeto del trámite administrativo, por lo que su comparecencia responde a la defensa de sus intereses propios.[6] De otro lado, nos pide un plazo razonable para que la entidad corporativa pueda comparecer debidamente representada por abogado. No obstante, tales planteamientos son insuficientes para que podamos asumir jurisdicción en el caso. Veamos.

La Sección 4.2 de la Ley de Procedimiento Administrativo Uniforme (LPAU) establece que **la parte** adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión dentro de treinta (30) días contados a partir de la fecha de archivo en autos de la notificación de la orden o resolución final.[7] (Énfasis suplido). Asimismo, y conforme la Sección 1.3(k) del mismo estatuto define, "parte" es toda persona o agencia autorizada por ley a quien se dirija específicamente la acción de una agencia o que sea parte en dicha acción, o que se le permita intervenir o participar

---

[6] Cabe destacar que este nuevo argumento no concuerda con las aseveraciones levantadas en el recurso de revisión judicial. **Ello así pues en el acápite II sobre *Legitimación e Interés Jurídico* se establece que es Splash Academy la entidad proponente y titular del proyecto propuesto directamente afectada por la decisión administrativa recurrida.** De igual manera, es menester resaltar que el expediente administrativo carece de reclamo alguno de su parte en cuanto a los intereses y derechos personales que ahora ante nos reclama tener sobre la controversia.

[7] 3 LPRA Sec. 9672.

en la misma, o que haya radicado una petición para la revisión o cumplimiento de una orden, o que sea designada como parte en dicho procedimiento.".[8]

Un estudio de los documentos que conforman el Apéndice del recurso de epígrafe demuestra que, la señora Robles no cumple con ninguno de los requisitos para que se le reconozca como parte dentro del procedimiento que se llevó a cabo ante la OGPe. Del legajo apelativo no surge que esta haya solicitado intervención alguna en defensa de interés propio alguno dentro del proceso administrativo y que como tal haya sido admitida en el proceso. Su única comparecencia ocurrió luego de culminado el proceso administrativo mediante la revisión administrativa sometida ante la OGPe, **en representación de la entidad corporativa**. Siendo ello así, es claro que la señora Robles tampoco contaba con legitimación activa para instar el recurso de revisión judicial de autos y atacar la decisión administrativa emitida en el caso.

En consideración de ello, resolvemos que la presentación del recurso de revisión judicial de autos efectuada por derecho propio por la señora Robles en nombre de la corporación fue una inoficiosa, sin efecto jurídico alguno. Por tal razón, como correctamente arguyó la OGPe en su comparecencia, carecemos de jurisdicción para atender el recurso de epígrafe. Por lo mismo, y conforme la Regla 83 de nuestro Reglamento, declaramos Ha Lugar su *Solicitud de Desestimación.*

-III-

Por los fundamentos antes esbozados, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[8] 3 LPRA Sec. 9603(k).