Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| Consejo de Titulares del Condominio Balcones de Las Catalinas  **Apelante**  V.  Nixaliz Hernández Silva  **Apelada** | TA2025AP00646 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas  Civil. Núm.  CG2025CV01698  Sobre:  Injuction (entredicho provisional, injuction preliminar y permanente) y otros |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de enero de 2026.

El 8 de diciembre de 2025, el Consejo de Titulares del Condominio Balcones de Las Catalinas representado por su presidenta, la Sra. Aida Vázquez Rivera (Consejo de Titulares o el apelante) compareció ante nos mediante *Apelación Civil* y solicitó la revisión de una *Sentencia* que se emitió el 26 de septiembre de 2025 y se notificó el 27 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar una *Moción en Desistimiento sin Perjuicio* que presentó el Consejo de Titulares, representado por la Sra. Ilsa Colón Alicea (señora Colón). En consecuencia, archivó el caso al amparo de la Regla 39.1 (a) de Procedimiento Civil, 32 LPRA Ap. V, R.39.1 (a).

Por los fundamentos que expondremos a continuación, **revocamos** el dictamen apelado.

I.

El 21 de mayo de 2025, la parte apelante presentó una *Demanda* sobre injunction preliminar y permanente y sentencia declaratoria contra la Sra. Nixaliz Hernández Silva (señora Hernández o la apelada).[1] Sostuvo que la presidenta actual de la Junta de Directores del Condominio Balcones de las Catalinas (Junta de Directores) era la Sra. Aida Iris Vázquez Rivera (señora Vázquez), que la apelada cesó en el cargo de presidenta de la Junta de Directores desde el año 2020. Particularmente, indicó que, el 9 de agosto de 2020, se celebró una asamblea extraordinaria y que el Consejo de Titulares relevó a la Junta de Directores presidida por la apelada y seleccionó una nueva Junta de Directores, de la cual resultó electo presidente el Sr. Eliberto C. Nieves (señor Nieves) y que tal elección fue ratificada el 24 de agosto de 2020. Asimismo, expresó que, posteriormente, el 20 de abril de 2022, se celebró otra asamblea extraordinaria mediante la cual se eligieron los nuevos miembros de la Junta de Directores y el señor Nieves fue electo nuevamente como presidente.

Así las cosas, adujo que, desde el 2 de septiembre de 2020 se ha interpelado a la apelada en numerosas ocasiones para que cumpliera con el proceso de transición de la Junta de Directores, sin éxito. En consecuencia, solicitó que se le ordenara a la apelada que realizara la transición y entrega de documentos pertinentes solicitados conforme al Art. 49 de la Ley Núm. 129-2020, según enmendada, conocida como *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1922u (Ley Núm. 129-2020), y se le aplicaran las sanciones correspondientes.

El 12 de septiembre de 2025, luego de varios incidentes procesales que no son pertinentes discutir y señalada la vista para

---

[1] *Véase,* Entrada Núm. 1 en SUMAC TPI.

el Interdicto Preliminar y Permanente del caso para 15 de octubre de 2025, la apelada presentó una *Moción de Desestimación* en la cual alegó que el 7 de septiembre de 2025, fue electa una nueva Junta de Directores con la cual realizó el proceso de transición el 8 de septiembre de 2025.[2] A su vez, alegó falta de legitimación de la parte apelante y que por haber realizado la entrega de documentos la demanda resultaba académica. Acompañó la moción con documentos en apoyo a su alegación.

A raíz de ello, el 26 de septiembre de 2025, la Sra. Ilsa Colón Alicea (señora Colón) como presidenta de la Junta de Directores presentó una *Moción de Desistimiento sin Perjuicio* en la cual alegó ser la nueva presidenta del Consejo de Titulares, que realizó los procesos de transición con la apelada y que el 8 de septiembre de 2025, canceló el contrato de servicios legales con el Lcdo. José David Hernández Dávila y/o CORE Legal LLC.[3] Para sustentarlo anejó documentos que apoyaban sus alegaciones.

En respuesta a las alegaciones de la apelada y de la señora Colón, el apelante presentó una *Moción en Oposición al Desistimiento.* [4] En esta, argumentó que la señora Colón carecía de legitimidad para representar al Consejo de Titulares, y que ésta estaba impedida de ostentar cargo alguno en la Junta de Directores, por lo cual solicitó una vista evidenciaria para aclarar la controversia acerca de la legitimación y que se dejara sin efecto la moción de desistimiento. Acompañó la moción con documentos en apoyo a sus alegaciones.

Atendidos los escritos, el 26 de septiembre de 2025, el TPI emitió una *Sentencia*, notificada el 27 de septiembre de 2025 mediante la cual declaró *Ha Lugar* la moción de desistimiento

---

[2] *Véase*, Entrada Núm. 27 en SUMAC TPI.
[3] *Véase*, Entrada Núm. 29 en SUMAC TPI. Cabe precisar que, el Lcdo. José David Hernández Dávila y CORE Legal LLC, constan desde la presentación de la *Demanda* ante el TPI como la representación legal del Consejo de Titulares.
[4] *Véase*, Entrada Núm. 30 en SUMAC TPI.

presentada por la señora Colón y dejó sin efecto la vista pautada para el 15 de octubre de 2025.[5] Inconforme, el Consejo de Titulares presentó una *Moción de reconsideración.*[6] Luego de varios incidentes procesales la solicitud de reconsideración, fue atendida el 6 de noviembre de 2026 y declarada *No Ha Lugar.*[7] Aun en desacuerdo, el 8 de diciembre de 2025, el apelante presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

**La sentencia apelada se sustenta en una actuación procesal inválida, al acoger una moción de desistimiento presentada por una persona sin legitimación, pese a que la parte demandante comparece asistida de abogado. Los documentos sometidos para justificar la supuesta legitimación de dicha persona carecían de garantías mínimas de confiabilidad, y esa actuación defectuosa redundó en el cierre indebidamente del caso, sin que mediara base válida en derecho para disponer del mismo. La alegación presentada por quien promovió el desistimiento carece de hechos verificables o evidencia que demuestre legitimación para actuar en representación de la parte demandante, resultando jurídicamente insuficiente para conferir validez a su comparecencia o justificar la disposición final del pleito.**

Atendido el recurso, el 9 de diciembre de 2025, emitimos una *Resolución* concediéndole a la apelada y a la señora Colón hasta el 29 de diciembre de 2025 para presentar su oposición al recurso. Vencido el término para ello, ni la señora Hernández, ni la señora Colón presentaron su respuesta al recurso de epígrafe. Por consiguiente, declaramos perfeccionado el presente recurso y estando en posición de resolver, procedemos a así hacerlo. *Veamos.*

II.

-A-

La legitimación activa se refiere a "la capacidad que se le requiere a la parte promovente de una acción para comparecer como litigante ante el tribunal, realizar con eficiencia actos procesales y,

---

[5] *Véanse*, Entradas Núm. 31, 32 en SUMAC TPI.
[6] *Véase*, Entrada Núm. 35 en SUMAC TPI.
[7] *Véase*, Entrada Núm. 50 en SUMAC TPI.

de esta forma, obtener una sentencia vinculante". *Ramos, Méndez v. García García*, 203 DPR 379, 394 (2019). La legitimación activa tiene como propósito demostrar al foro adjudicador que el interés del demandante en el pleito es de tal índole que, con toda probabilidad, proseguirá su causa de acción de manera vigorosa. Íd.

Para demostrar la existencia de legitimación activa, el promovente tiene que establecer que: (1) ha sufrido un daño claro y palpable; (2) el referido daño es real, inmediato y preciso, no abstracto ni hipotético; (3) existe una conexión entre el daño sufrido y la causa de acción ejercitada; y (4) la causa de acción surge al palio de la Constitución o de una ley. Íd., págs. 394-395.

Conforme a esos principios, la Regla 15.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 15.1, establece, entre otras cosas, que todo pleito debe tramitarse a nombre de la persona que por ley tenga el derecho que se reclama, pues los tribunales no deben adjudicar innecesariamente los derechos de terceros que no tengan interés en plantearlos adecuadamente. *Ríos Rosario v. Vidal Ramos*, 134 DPR 3, 11 (1993).

**-B-**

El desistimiento es una declaración de voluntad que realiza la parte que instó un pleito mediante la cual expresa que desea abandonar la causa de acción durante el proceso que se encuentra pendiente. J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. En nuestro ordenamiento jurídico, la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 39.1, expone las distintas maneras para desistir a las reclamaciones judiciales. Particularmente, esta lee como sigue:

(a) *Por el demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:

(1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o

(2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.

A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

(b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá al demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

Como podemos observar, conforme al inciso (a) de la citada Regla, el desistimiento está limitado a dos instancias, a saber, (1) cuando el demandante presenta un aviso de desistimiento previo a la contestación de la demanda o una moción solicitando sentencia sumaria, cualquiera de éstas que se notifique primero y (2) cuando se presenta una estipulación de desistimiento firmada por todas las partes del pleito. En estas dos instancias, como regla general, los desistimientos serán sin perjuicio. Sin embargo, a modo de excepción, un desistimiento bajo el inciso (a)(1), será con perjuicio y en adjudicación a sus méritos cuando el demandante ha desistido en otro pleito basado o que incluya la misma reclamación en otro Tribunal General de Justicia, o en algún otro Tribunal Federal o de cualquier estado de Estado Unidos de América.

Ahora bien, en lo pertinente a la controversia ante nos, el Tribunal Supremo en el caso *Pagán Rodríguez v. Pres. Cáms. Legs.*, 206 DPR 277, 292 (2021), determinó lo siguiente:

"[s]i una parte demandada presenta una oportuna moción de reconsideración a una sentencia en la que se decretó el desistimiento al amparo de la Regla 39.1(a)(1) de Procedimiento Civil, supra, y además de sus alegaciones adjunta aquella prueba prima facie dirigida a demostrar un incumplimiento con la Regla 9.1 de Procedimiento Civil, supra, el tribunal de instancia podrá considerarla y concederle sin más, conforme a la discreción que la citada Regla le concede. Ahora bien, **si la parte demandante presenta una fundamentada moción en oposición y en esta solicita una vista evidenciaria a esos efectos, o surge que esta es necesaria, el tribunal deberá concederla**." (Énfasis nuestro).

**-C-**

El Art. 54 de la Ley Núm. 129-2020, 31 L.P.R.A § 1922z, dispone que "[e]l Presidente de la Junta de Directores representará en juicio y fuera de él a la comunidad en los asuntos que la afecten y presidirá las asambleas del Consejo de Titulares". Además, dispone que para hacer cumplir esta ley o cualquier otra aplicable, el reglamento del Condominio o los acuerdos del Consejo de Titulares o cuando el Consejo de Titulares deba comparecer en pleito como demandado o querellado, el **Presidente podrá comparecer a su nombre y presentar las acciones y defensas que estime procedentes, seleccionando la representación legal que estime conveniente, previa consulta a la Junta.** (Énfasis nuestro). Íd. Finalmente, el artículo aclara que "[e]n todo caso, se presumirá que el Presidente de la Junta de Directores cuenta con la autorización del Consejo de Titulares para comparecer a nombre de éste en los foros pertinentes". Íd.

III.

En el caso de epígrafe, el Consejo de Titulares impugnó la *Sentencia* que el TPI emitió el 26 de septiembre de 2025 y notificó el 27 de septiembre de 2025, mediante la cual declaró Ha Lugar una *Moción de Desistimiento* presentada por la señora Colón. En su único señalamiento de error, el apelante sostuvo que el TPI erró al acoger una moción de desistimiento presentada por una persona que carecía de legitimación activa, pese a que el Consejo de Titulares

había comparecido debidamente representado por abogados. Además, alegó que los documentos presentados por la señora Colón para sustentar su supuesta legitimación no contaban con garantías mínimas de confiabilidad ni autenticidad. En consecuencia, solicitó que se revocara la *Sentencia* recurrida y se devolviera el caso al TPI para que se resolviera la controversia relacionada con la legitimación activa y la validez de los documentos presentados para sustentarla. *Veamos.*

Del expediente que obra ante nuestra consideración se desprende que la *Demanda* en el caso de epígrafe se presentó el 21 de mayo de 2025 por el Consejo de Titulares, representado por su entonces presidenta, la señora Vázquez, y suscrita por su representación legal, el Lcdo. José David Hernández Dávila, de Core Legal Services, LLC. Es decir, la señora Vázquez compareció como presidenta y demandante en representación del Consejo de Titulares. **Posteriormente, la señora Colón compareció por derecho propio ante el TPI alegando ser la nueva presidenta del Consejo de Titulares** y presentó una *Moción de Desistimiento* al amparo de la Regla 39.1 de Procedimiento Civil, *supra.* Para sustentar su solicitud, acompañó documentación en la que alegó haber sido electa como presidenta del Consejo de Titulares en una asamblea extraordinaria celebrada el 7 de septiembre de 2025, así como un correo electrónico dirigido a la representación legal en el que informó que la supuesta nueva Junta de Directores cancelaba de forma inmediata el contrato de servicios legales vigente.

En respuesta, y en cumplimiento de una orden del TPI para replicar la moción de desistimiento, el Consejo de Titulares, en su carácter de parte demandante debidamente representada, presentó una *Moción en Oposición al Desistimiento*, en la cual solicitó expresamente la celebración de una vista evidenciaria para dilucidar la controversia sobre la legitimación activa. Para fundamentar su

oposición, acompañó copia del acta de la asamblea extraordinaria celebrada el 7 de septiembre de 2025, así como resoluciones del Departamento de Asuntos del Consumidor (DACo) relacionadas tanto con el Consejo de Titulares como con la señora Colón. Del conjunto de documentos presentados por ambas partes surge una controversia sustancial sobre quién ostenta válidamente la presidencia del Consejo de Titulares y, por ende, quién posee legitimación activa para representarlo y para presentar válidamente un desistimiento en su nombre.

Como es sabido, la Ley Núm. 129-2020, *supra*, dispone respecto a los poderes y deberes del Presidente de la Junta de Directores que "el Presidente podrá comparecer a nombre de dichos organismos y **presentar las acciones y defensas que estime procedentes, seleccionando la representación legal que estime conveniente**, previa consulta a la Junta". (Énfasis nuestro). 31 LPRA sec. 1922z. Por consiguiente, cualquier persona que comparezca ante un tribunal y alegue ser Presidente del Consejo de Titulares o Junta de Directores de un Condominio y asista en representación de cualesquiera de estos organismos debe hacerlo con representación legal tal y como lo exige la Ley Núm. 129-2020, *supra*.

Cabe resaltar que es norma firmemente establecida en nuestro ordenamiento de que la comparecencia por derecho propio está reservada a personas naturales. *Véase, Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 786 (1988). Aquellos que no son personas naturales "no pueden autorrepresentar en los tribunales sus propios asuntos". (Énfasis omitido) *UTIER v. AFF*, 137 DPR 818, 821 (1995). Para ello es necesario que comparezcan a los tribunales mediante abogado. *B. Muñoz, Inc. V. Prod. Puertorriqueña*, 109 DPR 825, 829-830 (1980).

En el caso de autos, la señora Colón compareció por derecho propio, en representación del Consejo de Titulares y presentó una *Moción en Desistimiento sin Perjuicio*. Presidenta o no la señora Colón, tal acción, no puede ser presentada por derecho propio, debido a que la propia Ley Núm. 129-2020, así lo exige.

Por lo antes expuesto, **revocamos** el dictamen apelado. Toda persona que interese presentar acciones y defensas en nombre del Consejo de Titulares, debe hacerlo mediante la representación legal seleccionada. Aclaramos que nuestras expresiones son a los efectos de revocar la *Sentencia* apelada en relación con el desistimiento, de forma alguna pretendemos prejuzgar los méritos de las reclamaciones entre las partes.

IV.

Por los fundamentos antes expuestos, ***revocamos*** la *Sentencia* apelada y devolvemos el caso al TPI para que continúe con los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones