Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| Consejo de Titulares del Condominio Villas del Sol y Junta de Directores del Condominio Villas del Sol<br><br>**Apelantes**<br><br>V.<br><br>Valerie Rodríguez Erazo, Secretaria del Departamento de Asuntos del Consumidor (DACo)<br><br>**Apelados** | TA2026AP00029 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil. Núm.<br><br>SJ2025CV09185<br><br>Sobre:<br><br>Solicitud para hacer Cumplir Orden |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de enero de 2026.

El 7 de enero de 2026, el Consejo de Titulares del Condominio Villas del Sol y la Junta de Directores del Condominio Villas del Sol (en conjunto, los apelantes), representados por su Presidente, el Sr. Luis Negrón Rodríguez (señor Negrón), por derecho propio, comparecieron ante nos mediante un recurso de *Apelación* y solicitaron la revisión de una *Sentencia* que se emitió el 4 de noviembre de 2025 y se notificó el 10 de noviembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante esta, el TPI ordenó el fiel cumplimiento de la *Resolución* emitida por el Departamento de Asuntos del Consumidor (DACo) en el caso C-SAN-2024-0019219.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos

ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

Por los fundamentos que expondremos a continuación, ***desestimamos*** el presente recurso por falta de jurisdicción.

I.

El 15 de julio de 2024, el Sr. Narciso Caballero Rivera (señor Caballero) presentó una Querella bajo el alfanumérico C-SAN-2024-0019219 en la Oficina Regional de San Juan del DACo en contra de los apelantes.[1] Allí, el señor Caballero solicitó que se ordenara el pago de los $15,000.00 que se le adeudaba por concepto de daños sufridos a causa del Huracán Maria, al igual que se ordenara el reemplazo de las ventanas y las puertas de sus cuatro apartamentos tal como fue aprobado por el Consejo de Titulares del Condominio Villas del Sol.

El 24 de enero de 2024, el DACo celebró una vista administrativa con el objetivo de dilucidar y resolver la querella incoada.[2] Pese a lo expuesto, los apelantes no comparecieron por lo que fueron anotados en rebeldía. Así las cosas, el 2 de mayo de 2025, el DACo emitió una *Resolución* que fue notificada el 13 de mayo de 2025.[3] En esta, luego de evaluar la prueba documental y testifical que fue presentada ante la agencia, declaró Ha Lugar la Querella. En lo pertinente, dispuso lo siguiente:

> [E]ntregue a la parte querellante NARCISO CABALLERO RIVERA la cantidad de quince mil ($15,000.00) dólares por concepto de daños por Huracán María, haga el reemplazo de la puerta y ventanas de los apartamentos del querellante y haga entrega de los documentos que fueron solicitados.

Posteriormente, el 10 de octubre de 2025, el DACo presentó una *Petición para hacer cumplir Orden*.[4] Allí, alegó que dictó una

---

[1] *Véase*, Entrada Núm. 1, Anejo *Notificación de Querella*, SUMAC TA.
[2] Íd., Anejo *Notificación de Resolución*.
[3] Íd.
[4] *Véase*, Entrada Núm. 1, SUMAC TPI.

resolución en el caso C-SAN-2024-0019219 el 2 de mayo de 2025, a favor del señor Caballero el cual era final y firme. No obstante, esbozó que, a pesar de haber concedido un término razonable, los apelantes no habían cumplido con dicho dictamen. Por lo cual, solicitó que se ordenara a los apelantes el fiel cumplimiento de la resolución dictada e impusiera honorarios de abogado por $500.00, todo bajo apercibimiento de desacato.

Atendida la solicitud, en esta misma fecha, el TPI emitió una *Orden de Mostrar Causa.*[5] Mediante esta, ordenó a los apelantes dentro de un término de diez (10) mostrar causa por la cual no se debería dictar sentencia en su contra por su incumplimiento con la *Resolución* emitida por el DACo en el caso núm. C-SAN-2024-0019219 del 2 de mayo de 2025.

Transcurrido el término sin la comparecencia de los apelantes, el 4 de noviembre de 2025, el TPI emitió una *Sentencia* que fue notificada el 10 de noviembre de 2025.[6] Allí, declaró Ha Lugar la petición presentada por el DACo. En consecuencia, ordenó el fiel cumplimiento de la Resolución emitida por la agencia e impuso el pago de $500.00 por concepto de honorarios de abogado.

Inconforme, el 7 de enero de 2026, los apelantes presentaron el recurso de epígrafe y formularon los siguientes señalamientos de error:

> **Erró el DACO al aceptar como ciertos hechos presentados por el consumidor, los cuales carecían de veracidad y fueron suficientes para inducir a error al foro administrativo.**
>
> **Erró el DACO al emitir una orden sin evidencia sustancial que respaldara sus determinaciones de hecho y decidió por las alegaciones sin corroboración en el récord.**
>
> **Erró el Tribunal de Primera Instancia al ratificar una orden administrativa sin evaluar la ausencia de prueba fehaciente y ratificar una decisión viciada.**
>
> **Erró el Tribunal al ignorar planteamientos procesales oportunos, incluyendo la solicitud de**

---

[5] *Véase,* Entrada Núm. 2, SUMAC TPI.
[6] *Véase,* Entrada Núm. 8, SUMAC TPI.

**prórroga por pérdida súbita de representación legal por lo que no atendió adecuadamente la situación procesal.**

**Erró el Tribual al violentar el debido proceso de ley, menoscabando derechos constitucionales de la parte apelante, privándola del derecho fundamental a ser oída y representada adecuadamente.**

II.

-A-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE,* 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; motu proprio impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Pérez Lopez y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Massó,* supra, pág. 103. Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román,* 2024 TSPR 129, 214 DPR ____ (2024).

**-B-**

La Ley Núm. 104 de 25 de junio de 1958, según enmendada, mejor conocida como *Ley de Condominios*, 31 LPRA sec. 1291 *et seq.* preceptuaba todo lo relativo al régimen de propiedad horizontal. Sin embargo, esta fue derogada por la Ley Núm. 129-2020, según enmendada, mejor conocida como *Ley de Condominios de Puerto Rico*, 31 LPRA sec. 1921 *et seq.* (Ley Núm. 129-2020), aplicable al presente caso. Dicha Ley se creó con el fin de establecer un régimen jurídico atemperado a los cambios sociológicos que ha experimentado nuestro país y para facilitar la vida en convivencia. Exposición de Motivos, Ley Núm. 129-2020, *supra.*

En lo pertinente al caso ante nos, el Art. 48 de la referida ley, 31 LPRA sec. 1922t, define el Consejo de Titulares como sigue:

> El Consejo de Titulares constituye la autoridad suprema sobre la administración del inmueble sometido al Régimen de Propiedad Horizontal. Estará integrado por todos los titulares. Sus resoluciones y acuerdos, adoptados en asambleas debidamente convocadas y constituidas, serán de ineludible cumplimiento por todos y cada uno de los titulares, ocupantes o residentes y demás personas que se relacionen con el condominio.
>
> El Consejo de Titulares tendrá personalidad jurídica propia y de sus obligaciones frente a terceros, responderán los titulares de forma subsidiaria y sólo con su apartamento.

Ahora bien, el Consejo de Titulares posee por virtud de la Ley Núm. 129-2020, *supra,* unos poderes y deberes, entre estos, el escoger una Junta de Directores cuando concurran más de veinticinco (25) titulares en el condominio. Art. 49 de la Ley Núm. 129-2020, 31 LPRA sec. 1922u. Deberán elegirse al menos un presidente, un secretario y un tesorero para que compongan dicha Junta de Directores. Íd. Cónsono con ello, el Art. 54 de la Ley Núm. 129-2020, 31 LPRA sec. 1922z, establece las facultades que ostenta el Presidente de la Junta de Directores las cuales expondremos a continuación:

El Presidente representará en juicio y fuera de él a la comunidad en los asuntos que la afecten y presidirá las asambleas del Consejo de Titulares. Comparecerá a nombre del condominio para otorgar las escrituras y demás documentos en los que el Consejo de Titulares sea parte. El Presidente podrá tener a las personas que entienda necesario para que lo asistan en el proceso de presidir la asamblea.

Cuando se trate de acciones para hacer cumplir ésta o cualquier otra ley aplicable, el reglamento del Condominio o los acuerdos del Consejo de Titulares, o cuando el Consejo de Titulares o la Junta de Directores, en representación de éste, deba comparecer en pleito como demandado o querellado, **el Presidente podrá comparecer a nombre de dichos organismos y presentar las acciones y defensas que estime procedentes, seleccionando la representación legal que estime conveniente, previa consulta a la Junta.** De las acciones tomadas, deberá notificar a los titulares dentro de los treinta (30) días siguientes. (Énfasis suplido)

### III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias se tienen que resolver con preferencia. Por consiguiente, de entrada, resolvemos que no tenemos jurisdicción para atender la presente controversia en sus méritos.

En el presente recurso, compareció por derecho propio, el señor Negrón en su carácter de Presidente y en representación del Consejo de Titulares y la Junta de Directores del Condominio Villas del Sol. No obstante, conforme al precipitado derecho, cuando el Consejo de Titulares o la Junta de Directores deba comparecer en un pleito como demandado o querellado, "el Presidente podrá comparecer a nombre de dichos organismos y presentar las acciones y defensas que estime procedentes, **seleccionando la representación legal que estime conveniente**, previa consulta a la Junta". Art. 54 de la Ley Núm. 129-2020, *supra.*

Por otra parte, es norma reiterada que en nuestro ordenamiento jurídico solamente las personas naturales pueden acudir a los tribunales por derecho propio. *Lizarríbar v. Martínez Gelpí*, 121 DPR 770, 786 (1988). Es decir, una persona no natural

aun cuando goza de la capacidad para demandar y ser demandada, está incapacitada de autorepresentarse en sus propios asuntos. *U.T.I.E.R. v. A.F.F.*, 137 DPR 818, 821 (1995). Esto pretende evitar que personas no autorizadas advengan al ejercicio de la abogacía directa o indirectamente y a su vez, que aquellos que comparezcan estén sujetos al control de los tribunales y que sean de buena moral y reputación "según se les exige a quienes son admitidos a practicar la profesión jurídica". *B. Munoz, Inc. v. Prod. Puertorriqueña*, 109 DPR 825, 829 (1980). Por lo que, resulta indispensable que los entes artificiales comparezcan ante los tribunales por conducto de un abogado. Íd., pág. 830.

A tales efectos, el señor Negrón no puede comparecer ante este foro por derecho propio en representación del Consejo de Titulares y la Junta de Directores del Condominio Villas del Sol ya que no es un abogado admitido a la profesión jurídica en Puerto Rico según lo establecido en la Ley Núm. 129-2020, *supra* y la citada jurisprudencia. En virtud de todo lo anterior, desestimamos el recurso de epígrafe por falta de jurisdicción.

IV.

Por los fundamentos antes expuestos, ***desestimamos*** el recurso de epígrafe, por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones